Maurice B. PHARR,
Petitioner–Appellant,

v.

Thomas R. ISRAEL, Warden,
Defendant–Respondent.

No. 80–1216.

United States Court of Appeals,
Seventh Circuit.

Argued May 9, 1980.

Decided Sept. 23, 1980.

Mark Lukoff, First Asst. Wisconsin State Public Defender, Milwaukee, Wis., for petitioner–appellant.

Chris Heikenen, Wisconsin Dept. of Justice, Madison, Wis., for defendant–respondent.

Before SPRECHER and BAUER, Circuit Judges, and EAST, Senior District Judge.*

BAUER, Circuit Judge.

Petitioner–appellant Maurice B. Pharr appeals from the order of the district court dismissing his petition under 28 U.S.C. § 2254 for a writ of habeas corpus. The

* The Honorable William G. East, Senior Judge of the United States District Court for the District of Oregon, is sitting by designation.

sole issue on appeal is whether the state trial court, by instructing the jury that they must find the petitioner not guilty of first degree murder before they could consider lesser included offenses, coerced the jury into a verdict in deprivation of the petitioner's constitutional rights to due process of law and to trial by jury under the Sixth and Fourteenth Amendments. We affirm the dismissal of the petition for the reasons set forth below.

## I

On June 1, 1978, petitioner was tried before a jury in the circuit court for Milwaukee County on an information charging him with first degree murder. In addition to instructing the jury regarding that offense, the state trial court also instructed the jury on the lesser included offenses of second degree murder and homicide by reckless conduct. In the course of delivering these instructions, the court made the following statements to the jury:

[Y]ou are going to be given the opportunity to consider other forms of homicide if you find that Murder in the First Degree is not an appropriate charge in this case. You will then be allowed to consider Murder in the Second Degree, and if you find that that is not an appropriate verdict, you will be allowed to consider Homicide by Reckless Conduct, and if you find that none of those are an appropriate match with the facts, then you will find the defendant not guilty.

Tr. at 403–04.

\*   \*   \*   \*   \*   \*

If you determine that he is not guilty of Murder in the First Degree, you will then be allowed to consider Murder in the Second Degree, and if you determine that he is not guilty of Murder in the Second Degree, then you will be allowed to consider Homicide by Reckless Conduct, and if you find that that is an inappropriate verdict, then you must find the defendant not guilty. In other words, there are three possible choices involving the choice of guilty, but you are instructed first to consider the original charge in the Infor-

mation which is Murder in the First Degree, and you must give that your fullest and most complete consideration. If you find that the defendant is not guilty of that, then you move down to Murder in the Second Degree, and if you find him not guilty of that, then you move down to Homicide by Reckless Conduct.

Tr. at 405–06. Following the jury's request that the testimony of certain witnesses be read, the trial court repeated its instructions regarding the consideration of lesser included offenses.

The first is that we will certainly reread the testimony of Mr. Hubanks and Mr. Lacking to you in its entirety and we would do that if you desire; second, your option would be that you can decide you are hopelessly deadlocked and you cannot agree on anything; third, you may proceed to discuss, in your deliberations the next degree of homicide. You can discuss it or see if you agree upon it as your verdict.

Now, in proceeding to the next degree of homicide and discussing it, that is not something you are being told to do, that is an option that you may decide if it meets your standards if you find the defendant not guilty of the higher degree. In other words, if you find him not guilty of First Degree Murder, you can go to the next lower which is Second Degree Murder, and if you find him not guilty of Second Degree Murder then you should go to the third which is Homicide by Reckless Conduct.

Tr. at 440–41.

\*   \*   \*   \*   \*   \*

I want to advise you of the following. Again, so there is no confusion in your mind, you are expressly instructed that in your deliberations you are not to consider Murder in the Second Degree unless you are convinced that the defendant is not guilty of Murder in the First Degree.

Tr. at 446. At no time during the course of his trial did the petitioner object to the instructions quoted above.

Following further deliberations, the jury found the petitioner guilty of first degree murder and on June 12, 1978, he was sentenced to life imprisonment. Petitioner subsequently appealed his conviction, asserting that the trial court's instructions on the order of the jury's deliberations coerced a verdict from the jury. On June 18, 1979, the Wisconsin Court of Appeals, in an unpublished opinion, affirmed his conviction on the grounds that the procedure utilized by the trial court was expressly approved in *Dillon v. State*, 137 Wis. 655, 119 N.W. 352 (1909), and that the petitioner had waived his right to object to the pertinent instructions. *Pharr v. State*, 91 Wis.2d 844, 282 N.W.2d 636 (1979). On August 28, 1979, the Wisconsin Supreme Court denied further review, 284 N.W.2d 105.

Petitioner then sought a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that the deliberative procedure embodied in the state trial court's instructions to the jury constituted a violation of his constitutional rights to due process of law and trial by jury. On February 5, 1980, the district court dismissed the petition on the ground that the petitioner was barred under *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), from receiving federal habeas corpus relief because he had waived his right to pursue state court remedies regarding the constitutionality of the challenged instructions. Moreover, the district court found that even if it were to reach the merits of the petition, it would have denied the petition for the reason that an analogous federal pattern jury instruction had been validated in *United States v. Tsanas*, 572 F.2d 340 (2d Cir.), *cert. denied*, 435 U.S. 995, 98 S.Ct. 1647, 56 L.Ed.2d 84 (1978), and *Catches v. United States*, 582 F.2d 453 (8th Cir. 1978). From this adverse judgment, petitioner has appealed to this Court.

II

■ We agree with the district court that the Wisconsin appellate court failed to reach the merits of the petitioner's federal constitutional claims and accordingly hold that the district court properly dismissed the petition for federal habeas relief on the ground that the petitioner's waiver constituted a deliberate bypass of state remedies under the rule of *Wainwright v. Sykes*, 433 U.S. 72, 90–91, 97 S.Ct. 2497, 2508, 53 L.Ed.2d 594 (1977). In that case, the habeas corpus petitioner sought federal court review of the admissibility of certain inculpatory statements he had made to the police. The Florida state appellate courts had refused to review the petitioner's federal constitutional claim regarding the admissibility of such statements because the petitioner had failed to comply with the Florida rule that motions to suppress must be made prior to trial. The Supreme Court held that the petitioner's failure to make a timely objection under the Florida contemporaneous objection rule to the admission of his inculpatory statements, absent a showing of cause for the non–compliance or some showing of actual prejudice, barred the petitioner from receiving federal habeas corpus review of the constitutionality of such admissions. *Id.* at 90–91, 97 S.Ct. at 2497.

■ We find the considerations underlying the contemporaneous objection rule in this case to be as compelling as those underlying the rule at issue in *Wainwright v. Sykes, supra*, and accordingly, find the holding of *Sykes* to be dispositive in this case. The established rule in Wisconsin is that the failure to object to jury instructions constitutes a waiver of any alleged defects in those instructions. *Kutchera v. State*, 69 Wis.2d 534, 230 N.W.2d 750 (1975). There is no dispute that the petitioner failed to object at trial to the instructions challenged here. However, under Wisconsin law the petitioner would have been relieved of his waiver if the instructions given misstated the law or constituted plain error. *Lambert v. State*, 73 Wis.2d 590, 243 N.W.2d 524 (1976). The Wisconsin appellate court expressly found that the challenged instructions were not a misstatement of the law and therefore held the petitioner to his waiver, stating:

Review of the record establishes that defendant's trial counsel did not object to

the pertinent instructions, and in fact argued to the jury that it should consider the alternative verdicts in the same sequence as directed by the Court. Because the instruction followed *Dillon* it is not a misstatement of the law. In addition, we view the failure to object as a strategic waiver of the defendant's claim of a due process violation.

*Pharr v. State, supra,* slip op. at 7. Thus, although the petitioner asserted the same federal constitutional claims in his appeal to the state courts as he did in his petition for habeas relief, it is clear that the Wisconsin appellate court disposed of these claims by addressing the issue of whether the trial judge's instructions were in compliance with state law under the decisions of the Wisconsin Supreme Court. That issue is not cognizable in a federal habeas corpus proceeding. *Henderson v. Kibbe,* 431 U.S. 149, 154, 97 S.Ct. 1730, 1736, 52 L.Ed.2d 203 (1977). Since the state courts declined to reach the merits of the petitioner's federal claims on the basis of waiver, and since he has not demonstrated a legitimate cause for his failure to object to the challenged instructions, we conclude that the petitioner's bypass of possible state remedies bars federal habeas review of these claims. *See Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

### III

■ We also agree with the district court that even if the merits of the petitioner's claims were subject to review, he would not be entitled to federal habeas relief.

Section 18.05 of Devitt and Blackmar's federal pattern jury instructions provides the following instruction with regard to lesser included offenses:

> The law permits the jury to find the accused guilty of any lesser offense which is necessarily included in the crime charged in the indictment–information, whenever such a course is consistent with the facts found by the jury from the

evidence in the case, and with the law as given in the instructions of the Court.

> So, if the jury should unanimously find the accused "Not Guilty" of the crime charged in the indictment (information) then the jury must proceed to determine the guilt or innocence of the accused as to any lesser offense which is necessarily included in the crime charged.

> The crime of ———, which is charged in the indictment in this case, necessarily includes the lesser offense of

> ———.

> The jury will bear in mind that the burden is always upon the prosecution to prove beyond a reasonable doubt every essential element of any lesser offense which is necessarily included in any crime charged in the indictment (information); the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

As the district court observed, the validity of this instruction was upheld in both *United States v. Tsanas,* 572 F.2d 340, 346 (2d Cir.), *cert. denied,* 435 U.S. 995, 98 S.Ct. 1647, 56 L.Ed.2d 84 (1978), and *Catches v. United States,* 582 F.2d 453, 459 (8th Cir. 1978).

A comparison of the instructions challenged in this case with the federal pattern jury instructions quoted above reveals that both sets of instructions are identical in all material respects, with one notable exception. The Devitt and Blackmar instructions require unanimity in finding the accused not guilty of the crime charged before the jury may proceed to consider lesser included offenses. In this case, the Wisconsin Court of Appeals found that the trial court had at no time suggested directly or indirectly that the jury should unanimously agree that the petitioner was not guilty of the crime charged before it could consider alternative verdicts.[1] *Pharr v. State, supra,* slip op. at 6.

---

1. The court of appeals did, however, commend to the Wisconsin Criminal Jury Instructions Committee consideration of the potential coercive affect of the failure of its pattern instruction to apprise the jury whether unanimity in finding the defendant not guilty was required before it could consider lesser included offenses. In response to this suggestion, the

Moreover, the challenged instruction is consistent with lesser included defense instruction contained in the Seventh Circuit Federal Criminal Jury Instructions, recently approved in principle, which reads:

*2.03 LESSER INCLUDED OFFENSE*

The crime of _____ with which the defendant is charged in the indictment includes the lesser offense of _____.

If you find the defendant not guilty of the crime of _____ charged in the indictment [or if you cannot unanimously agree that the defendant is guilty of that crime], then you must proceed to determine whether the defendant is guilty or not guilty of the lesser offense of _____.

The Committee Comment indicates that the parenthetical in the second sentence of the instruction permits its modification to conform with the observation of the court in *Tsanas* that although the prevailing practice in the federal courts is to instruct the jury that it may consider the lesser offense only after finding the defendant not guilty of the greater, some federal courts have permitted the jury to consider the lesser offense if unable to agree to a verdict on the greater.

Since in this case the instructions given by the state trial court were in conformity with the above–cited authorities, we conclude that the petitioner was not thereby deprived of due process of law or denied his right to a trial by jury.

For the foregoing reasons, the judgment appealed from dismissing the petition for a writ of habeas corpus is affirmed, and the Clerk of this Court is directed to enter judgment accordingly.

Affirmed.

Committee recently amended the pattern instruction which essentially admonishes the jury to make every reasonable effort to reach unanimous agreement on the charged crime before proceeding to consider a lesser included crime. *See* Wis. JI–Criminal 112 (1979).