675 F.2d 141
 Richard Dale DAVIS, Petitioner-Appellant,
v.
James GREER, Warden, Menard Correctional Center, Menard,
Illinois; Gayle Franzen, Director, Department of
Corrections; and Tyrone C. Fahner,
Attorney General, Respondents-Appellees.
 No. 80-2406.
 United States Court of Appeals,
Seventh Circuit.
 Argued Feb. 12, 1982.
Decided April 8, 1982.
 
 David W. Carpenter, Sidley & Austin, Chicago, Ill., for petitioner-appellant.
 Val Gunnarson (Michael V. Accettura), Asst. Attys. Gen., Springfield, Ill., for respondents-appellees.
 Before SPRECHER and BAUER, Circuit Judges, and BONSAL, Senior District Judge.*
 BAUER, Circuit Judge.
 
 
 1
 Petitioner-appellant Richard Dale Davis was tried by a jury in state trial court and found guilty of robbery and felony murder. The Illinois Appellate Court affirmed. The Supreme Court of Illinois denied leave to appeal. After exhausting all available state post-conviction remedies, Davis filed a petition for a writ of habeas corpus in the United States District Court for the Central District of Illinois. The district court denied Davis' petition in an unpublished order. We affirm.
 
 
 2
 * On January 4, 1973, Davis and Raymond Fisher left a tavern together at approximately 1:00 a. m. They rode aimlessly around in Davis' car until the car hit something and stalled. Davis left the car to go for gasoline. When he could not find any gasoline nearby, Davis returned to the car, and he and Fisher walked across a nearby field to get assistance.
 
 
 3
 Fisher wandered across the field away from Davis, then reapproached Davis and accused him of having stolen his money. Fisher jumped Davis from behind, and both men fell to the ground. In trying to free himself from Fisher's grasp, Davis, who was wearing steeltoed boots, kicked Fisher in the head. The blow broke Fisher's jaw and knocked him unconscious. Davis left Fisher in the field, and Fisher died from exposure. Fisher's body and his empty wallet were found the next day.
 
 
 4
 Davis testified in his own behalf at trial and admitted that he kicked Fisher and left him in the field. He denied, however, that he robbed Fisher. At the instructions conference Davis' counsel tendered a voluntary manslaughter instruction to the court, but the court refused to give the instruction. The court gave felony-murder and involuntary manslaughter instructions.
 
 
 5
 Davis' habeas petition alleges that the trial court's failure to give the voluntary manslaughter instruction deprived him of due process. The district court held that it lacked jurisdiction to decide Davis' claim. In the alternative, the district court held that the trial court's failure to give the tendered voluntary manslaughter instruction did not deprive Davis of due process because Davis failed to introduce evidence to support a voluntary manslaughter verdict.
 
 
 6
 * The circuit courts of appeal are divided on the issue of whether federal courts have jurisdiction to review a state court's refusal to give a tendered lesser included offense instruction. The Fifth, Eighth, and Ninth Circuits hold that "(f)ailure of a state court to instruct on a lesser offense fails to present a federal constitutional question and will not be considered in a federal habeas corpus proceeding." James v. Reese, 546 F.2d 325, 327 (9th Cir. 1976) (citation omitted). Accord, Cooper v. Campbell, 597 F.2d 628, 631 (8th Cir.), cert. denied, 444 U.S. 852, 100 S.Ct. 106, 62 L.Ed.2d 69 (1979), citing DeBerry v. Wolff, 513 F.2d 1336, 1338 (8th Cir. 1975); Bonner v. Henderson, 517 F.2d 135, 136 (5th Cir. 1975) (per curiam). The Third and Sixth Circuits, on the other hand, hold that federal courts have jurisdiction to review the state court's refusal if the failure to give the instruction deprived the defendant of due process. Brewer v. Overberg, 624 F.2d 51, 52 (6th Cir. 1980) (per curiam), cert. denied, 449 U.S. 1085, 101 S.Ct. 873, 66 L.Ed.2d 810 (1981); Bishop v. Mazurkiewicz, 634 F.2d 724, 725 (3d Cir. 1980), cert. denied, 452 U.S. 917, 101 S.Ct. 3053, 69 L.Ed.2d 421 (1981); United States ex rel. Smith v. Montanye, 505 F.2d 1355, 1359 (2d Cir. 1974), cert. denied, 423 U.S. 856, 96 S.Ct. 106, 46 L.Ed.2d 81 (1975).[1]
 
 
 7
 We are aware of only three habeas corpus cases in this Circuit in which the petitioner claimed that he was denied due process by the state trial court's failure to give a requested instruction. Pharr v. Israel, 629 F.2d 1278 (7th Cir. 1980), cert. denied, 449 U.S. 1088, 101 S.Ct. 880, 66 L.Ed.2d 815 (1981); United States ex rel. Peery v. Sielaff, 615 F.2d 402 (7th Cir. 1979) (per curiam), cert. denied, 446 U.S. 940, 100 S.Ct. 2163, 64 L.Ed.2d 774 reh. denied, 448 U.S. 912, 101 S.Ct. 29, 65 L.Ed.2d 1174 (1980); United States ex rel. Waters v. Bensinger, 507 F.2d 103 (7th Cir. 1974). Only United States ex rel. Peery v. Sielaff involved a challenge to the state court's failure to give a tendered lesser included offense instruction. In all three cases, we decided the merits of the petitioners' claims without discussing the jurisdictional issue.
 
 
 8
 The federal courts have jurisdiction to grant a writ of habeas corpus ordering the release of a petitioner whose detention is unconstitutional. 28 U.S.C. § 2254; Townsend v. Sain, 372 U.S. 293, 312, 83 S.Ct. 745, 756, 9 L.Ed.2d 770 (1963). It is well established that an error occurring at trial that deprived the petitioner of due process is a sufficient ground for granting a petition. For example, a federal court must grant a writ of habeas corpus if the trial court deprived the petitioner of due process by giving an erroneous instruction or by failing to give a necessary instruction. E.g., Henderson v. Kibbe, 431 U.S. 145, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977); Mullaney v. Wilbur, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975); Cupp v. Naughten, 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973). In such a case, the relevant inquiry is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." Cupp v. Naughten, 414 U.S. 141, 147, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973), quoted with approval in Henderson v. Kibbe, 431 U.S. 145, 154, 97 S.Ct. 1730, 1736, 52 L.Ed.2d 203 (1977).
 
 
 9
 Of course, if the petitioner's sole claim is that the jury instructions failed to comply with state law, the petition does not state a cognizable federal claim. Pharr v. Israel, 629 F.2d 1278, 1281 (7th Cir. 1980), cert. denied, 449 U.S. 1088, 100 S.Ct. 2163, 64 L.Ed.2d 794 (1981); United States ex rel. Walters v. Bensinger, 507 F.2d 103, 105 (7th Cir. 1974). In order to state a cognizable habeas corpus claim, the petition must allege that the court's instructions deprived the petitioner of a constitutionally protected right. 28 U.S.C. § 2254(a).
 
 
 10
 Davis claims that the trial court's failure to give the tendered voluntary manslaughter instruction denied him due process. This allegation states a cognizable habeas corpus claim. We have jurisdiction, pursuant to 28 U.S.C. § 2254, to decide Davis' claim.
 
 B
 
 11
 Under Illinois law a voluntary manslaughter instruction must be given if there is any evidence in the record supporting the charge. People v. Handley, 51 Ill.2d 229, 282 N.E.2d 131 (1972); People v. Dukes, 19 Ill.2d 532, 169 N.E.2d 84 (1960), cert. denied, 365 U.S. 830, 81 S.Ct. 716, 5 L.Ed.2d 707 (1961).[2] We agree with the district court that Davis failed to introduce evidence to support such a charge. Therefore, the trial court did not err in refusing to give the tendered instruction.
 
 
 12
 The voluntary manslaughter instruction Davis tendered provided:
 
 
 13
 A person commits the crime of voluntary manslaughter who kills an individual if, at the time of the killing, he acts under a sudden and intense passion resulting from serious provocation by the deceased. Serious provocation is conduct sufficient to excite an intense passion in a reasonable person.
 
 
 14
 R. at 1298.[3] See Ill.Rev.Stat. ch. 38, § 9-2(a). Illinois recognizes only four types of serious provocation: substantial physical injury or assault, mutual quarrel or combat, illegal arrest, and adultery with the offender's spouse. People v. Crews, 38 Ill.2d 331, 231 N.E.2d 451 (1967), later appeal, 42 Ill.2d 60, 244 N.E.2d 593 (1969). Davis claims that he presented evidence showing that he and Fisher were engaged in "mutual quarrel or combat" sufficient to support the voluntary manslaughter instruction. Davis testified, however, that he was not "real angry" with Fisher when he kicked Fisher. R. at 1162. We agree with the Illinois Appellate Court that Davis "negated the issue of sudden and intense passion" with this testimony. A defendant who testifies that he was not provoked by the victim's conduct fails to establish that he reacted to serious provocation. People v. Lockett, 82 Ill.2d 546, 549, 45 Ill.Dec. 900, 902, 413 N.E.2d 378, 380 (1980).
 
 
 15
 Because there was insufficient evidence to support a voluntary manslaughter verdict, the trial court did not err in refusing to give the tendered instruction. Davis has failed to prove that "the evidence of serious provocation was ... so unequivocally strong that (the) failure to give the instruction ... amounted to a fundamental miscarriage of justice." United States ex rel. Peery v. Sielaff, 615 F.2d 402, 404 (7th Cir. 1979) (per curiam), cert. denied, 446 U.S. 940, 100 S.Ct. 2163, 64 L.Ed.2d 794, reh. denied, 448 U.S. 912, 101 S.Ct. 29, 65 L.Ed.2d 1174 (1980).
 
 II
 
 16
 After the jury in Davis' trial retired to deliberate, it submitted the following question to the trial judge: "Can we bring a verdict of involuntary manslaughter without a verdict of robbery?" The trial court responded, "Consider all of the instructions carefully." Davis claims that this response denied him due process and a fair trial.
 
 
 17
 The trial court must exercise its sound discretion in determining what type of supplementary instructions should be given to a deliberating jury that seeks clarification of the law. United States v. Papia, 560 F.2d 827, 843 (7th Cir. 1977); United States v. Castenada, 555 F.2d 605, 611 (7th Cir.), cert. denied, 434 U.S. 847, 98 S.Ct. 152, 54 L.Ed.2d 113 (1977); United States v. Braverman, 522 F.2d 218, 224 (7th Cir.), cert. denied, 423 U.S. 985, 96 S.Ct. 392, 46 L.Ed.2d 302 (1975). The judge has a duty to respond to the jury's request with sufficient specificity to clarify the jury's problem. Bollenbach v. United States, 326 U.S. 607, 612, 66 S.Ct. 402, 405, 90 L.Ed. 350 (1946). If appropriate in the circumstances, the court may respond to the question by reinstructing the jury. United States v. Papia, 560 F.2d at 843-44; United States v. Castenada, 555 F.2d at 612.
 
 
 18
 The trial court in this case answered the jury's question by directing the jury to reread the instructions carefully. The entire jury charge clearly and correctly stated the controlling law. One of the instructions set forth the four elements that the state was required to prove beyond a reasonable doubt to sustain a verdict of guilty on the charge of involuntary manslaughter.[4] The instruction did not include proof of robbery as one of the elements. If the jury took the court's advice and reread the instructions, its question would have been answered. The trial court's response was sufficiently specific to clarify the jury's confusion.[5]
 
 III
 
 19
 Finally, Davis claims that the trial court's failure to include 18, 19, and 20 year olds in the jury venire deprived him of the right to a jury trial composed of a fair cross section of the community. To prevail on this claim, Davis bears the burden of proving that the state systematically excluded a cognizable group or class from the jury venire. Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975). Young people between the ages of 18 and 21, however, are not a cognizable group or class. United States v. Gast, 457 F.2d 141, 142 (7th Cir.), cert. denied, 406 U.S. 969, 92 S.Ct. 2426, 32 L.Ed.2d 668 (1972). Accord, United States v. Kirk, 534 F.2d 1262, 1278 (8th Cir. 1976), cert. denied, 433 U.S. 907, 97 S.Ct. 2971, 53 L.Ed.2d 1091 (1977). As the Supreme Court has noted, states may restrict the selection of jurors to citizens who meet specific age qualifications without thereby violating the fifth and sixth amendments. Carter v. Jury Commission, 396 U.S. 320, 332, 90 S.Ct. 518, 524, 24 L.Ed.2d 549 (1970). The trial court did not err.
 
 V
 
 20
 Davis has failed to demonstrate any constitutional violation. Accordingly, the judgment of the district court denying Davis' petition for a writ of habeas corpus is
 
 
 21
 AFFIRMED.
 
 
 
 *
 The Honorable Dudley B. Bonsal, Senior Judge of the United States District Court for the Southern District of New York, is sitting by designation
 
 
 [1]
 The Tenth Circuit's position is rather unclear. In a 1966 case in which the petitioner challenged the trial court's failure to give a lesser included offense instruction, the court summarily held that there was no reversible error. Poulson v. Turner, 359 F.2d 588 (10th Cir.), cert. denied, 385 U.S. 905, 87 S.Ct. 219, 17 L.Ed.2d 136 (1966). Two years later, however, the court set forth the general rule that
 habeas corpus is not available to set aside a conviction on the basis of erroneous jury instructions unless the error has such an effect upon the trial as to render it so fundamentally unfair that it constitutes the denial of a fair trial in the constitutional sense.
 Linebarger v. Oklahoma, 404 F.2d 1092, 1095 (10th Cir. 1968) (footnote omitted), cert. denied, 394 U.S. 938, 89 S.Ct. 1218, 22 L.Ed.2d 470 (1969). In its most recent case, citing both Linebarger and Paulson, the Tenth Circuit held that "(t)he attack on the instruction raises no federal constitutional question." Ortiz v. Baker, 411 F.2d 263 (10th Cir.) (per curiam), cert. denied, 396 U.S. 935, 90 S.Ct. 279, 24 L.Ed.2d 234 (1969).
 
 
 [2]
 It is reversible error, however, to give a voluntary manslaughter instruction when the evidence supports only a finding of guilty of murder or innocent. People v. Brown, 415 Ill. 23, 112 N.E.2d 122, appeal dismissed, 346 U.S. 804, 74 S.Ct. 52, 98 L.Ed. 334, reh. denied, 346 U.S. 880, 74 S.Ct. 120, 98 L.Ed. 387 (1953); People v. Jones, 384 Ill. 407, 51 N.E.2d 543 (1943). Because the confluence of these two rules leaves little margin for error, Illinois trial courts must be particularly careful to give a voluntary manslaughter instruction only when the evidence clearly supports such a charge
 
 
 [3]
 Illinois law recognizes a second type of voluntary manslaughter in which the offender at the time of the killing has an unreasonable belief that he is acting in self-defense. Ill.Rev.Stat. ch. 38, § 9-2(b). Davis did not tender this type of voluntary manslaughter instruction, nor did he challenge the omission of this instruction on appeal in the state court. Under Illinois law a defendant who fails to tender a voluntary manslaughter instruction to the trial court waives any error on appeal. People v. Carlson, 79 Ill.2d 564, 38 Ill.Dec. 809, 404 N.E.2d 233 (1980); People v. Wolski, 83 Ill.App.3d 17, 38 Ill.Dec. 297, 403 N.E.2d 528 (1980), cert. denied, 450 U.S. 915, 101 S.Ct. 1356, 67 L.Ed.2d 339 (1981). Davis has never given the Illinois Appellate Court an opportunity to rule on whether it would apply the waiver rule in this case. Moreover, Davis' petition for a writ of habeas corpus does not allege that the failure to give the unreasonable belief/voluntary manslaughter instruction was error. Davis raises this argument for the first time on appeal. We decline to decide whether the trial court's failure to give an unreasonable belief/voluntary manslaughter instruction deprived Davis of due process. Pharr v. Israel, 629 F.2d 1278 (7th Cir. 1980), cert. denied, 449 U.S. 1088, 101 S.Ct. 880, 66 L.Ed.2d 815 (1981)
 
 
 [4]
 Illinois Pattern Instruction No. 7.08 on involuntary manslaughter was included in the jury charge at Davis' request. The instruction provides:
 To sustain the charge of involuntary manslaughter, the State must prove the following propositions:
 First: That the Defendant performed the acts which caused the death of RAYMOND FISHER; and,
 Second: That the Defendant performed these acts recklessly; and,
 Third: That those acts were likely to cause death or great bodily harm; and
 Fourth: That the Defendant was not justified in using the force which he used.
 If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the Defendant guilty.
 If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the Defendant not guilty.
 R. at 1391.
 
 
 [5]
 Davis' reliance on Bollenbach v. United States, 326 U.S. 607, 66 S.Ct. 402, 90 L.Ed. 350 (1946), is misplaced. The Supreme Court reversed the conviction in Bollenbach because the response the trial court gave to the jury's question incorrectly stated the law. As discussed above, the trial court's response in this case directed the jury to an accurate statement of the controlling law contained in the jury charge