Stephan J. DRESNEK, Appellant,

v.

STATE of Alaska, Appellee.

No. A–19.

Court of Appeals of Alaska.

April 12, 1985.

Susan Orlansky, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Robert D. Bacon, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Stephan J. Dresnek was convicted of one count of manslaughter, AS 11.41.120(a)(1), and two counts of assault in the second degree, former AS 11.41.210(a)(3). Dresnek's offenses resulted from an automobile accident. A two-ton pickup truck driven by Dresnek collided with a smaller vehicle driven by Belinda Reed. Reed died and her passenger, James M. Dunaway, was injured. In addition, one of Dresnek's passengers, Michelle Barrett, suffered serious injuries. Reed's death was the basis for the manslaughter conviction while the injuries to Barrett and Dunaway accounted for the assault convictions. The accident occurred when Dresnek exited a side road without stopping at a stop sign and entered Tudor Road, a major thoroughfare, at approximately forty mph, crossing three lanes and colliding with the Reed vehicle. A blood sample taken two hours after the accident established that Dresnek had a blood-alcohol level of .124%. Dresnek received a sentence of eight years with three years suspended on the manslaughter conviction and concurrent sentences of three years in prison for each assault charge.

Dresnek appeals, making three arguments. First, he contends that the trial court erred in instructing the jury that it had to unanimously acquit Dresnek of manslaughter before it could consider a lesser-included offense—negligent homicide. Second, he contends that the trial court erred in instructing the jury that if it found that there was .10% or more alcohol in Dresnek's blood at the time of the accident, it could infer that he was under the influence of intoxicating liquor. AS 28.35.033–(a)(4). Finally, Dresnek contends that his sentence is excessive. We affirm.

## I.

### TRANSITION INSTRUCTIONS

The transition instructions given in the present case read as follows:

> If you unanimously find that the state has not proved beyond a reasonable doubt the crime of _____, then you should consider the lesser included offense of _____, about which I will instruct you.[1]

The defendant objected that the word "unanimously" should be stricken. The defendant's alternate proposal would appear to be the Alaska pattern instruction, although he did not so identify it on the record.[2]

In *Nell v. State*, 642 P.2d 1361, 1367 (Alaska App.1982), we approved a transition instruction similar to the instruction given in this case.[3] Dresnek concedes this

---

1. These instructions were given as transitions from manslaughter to criminally negligent homicide, from criminally negligent homicide to negligent driving, and from assault in the second degree to assault in the fourth degree.

2. The Alaska pattern jury instruction provides: If you find that the state has not proved beyond a reasonable doubt the crime of _____, then you should consider the lesser included offense(s) of _____, about which I will now instruct you.
 *Alaska Pattern Jury Instructions (Criminal)* 1.37 (1980).

3. The instruction discussed in *Nell* read in full:
 If you find that the state has failed to prove any one of the essential elements of the crime of robbery in the first degree, under Count I of the Indictment, you must find the defendant not guilty of robbery in the first degree,

and you will then proceed with your deliberations and decide whether the state has proved beyond a reasonable doubt all the essential elements of the lesser crimes of robbery in the second degree or assault in the second degree.
 If you find that the state has failed to prove any one of the essential elements of the crime of robbery in the second degree, you must find the defendant not guilty of robbery in the second degree. If you find that the state has failed to prove any one of the essential elements of the crime of assault in the second degree, you must find the defendant not guilty of assault in the second degree.
 If you find that the defendant is not guilty of robbery in the first degree, robbery in the second degree, or assault in the second degree, at that point you should consider whether the state has proved the essential elements

but contends that *Nell* was wrongly decided and should be overruled. Dresnek reasons that this court misunderstood the authorities upon which it relied in *Nell* and reached a conclusion inconsistent with the rationale for giving lesser-included offense instructions at a defendant's request. Dresnek relies primarily on *United States v. Tsanas*, 572 F.2d 340 (2d Cir.), *cert. denied*, 435 U.S. 995, 98 S.Ct. 1647, 56 L.Ed.2d 84 (1978), for the proposition that a defendant should be permitted an election between a transitional instruction similar to the one given here[4] and one which would permit a jury to return a verdict on a lesser-included offense if it is unable to agree on the greater offense. *See also United States v. Jackson*, 726 F.2d 1466, 1469–70 (9th Cir.1984). An instruction of the latter form was adopted by the Seventh Circuit as Federal Criminal Jury Instructions of the Seventh Circuit 2.03. It reads:

> of the crime of mischief in the third degree. If the state has failed to prove any of the essential elements of the crime of mischief in the third degree, you should find him not guilty of any crime under Count I of the Indictment.
> When considering Count II of the Indictment, you should return a verdict of not guilty, or guilty for the crime of theft in the second degree.

*Nell*, 642 P.2d at 1367 n. 9.

**4.** The instruction at issue in *Tsanas* and *Jackson* read substantially as follows:

> *Verdict—Lesser Included Offense*
> The law permits the jury to find the accused guilty of any lesser offense which is necessarily included in the crime charged in the indictment-information, whenever such a course is consistent with the facts found by the jury from the evidence in the case, and with the law as given in the instructions of the Court.
> So, if the jury should unanimously find the accused "Not Guilty" of the crime charged in the indictment (information) then the jury must proceed to determine the guilt or innocence of the accused as to any lesser offense which is necessarily included in the crime charged.
> The crime of _____, which is charged in the indictment in this case, necessarily includes the lesser offense of _____.
> The jury will bear in mind that the burden is always upon the prosecution to prove beyond a reasonable doubt every essential element of any lesser offense which is necessarily included in any crime charged in the indictment (information); the law never impos-

**2.03 LESSER INCLUDED OFFENSE**

The crime of _____ with which the defendant is charged in the indictment includes the lesser offense of _____.

If you find the defendant not guilty of the crime of _____ charged in the indictment [or if you cannot unanimously agree that the defendant is guilty of that crime], then you must proceed to determine whether the defendant is guilty or not guilty of the lesser offense of _____.

This instruction is set out in *Pharr v. Israel*, 629 F.2d 1278, 1282 (7th Cir.1980). The *Pharr* court specifically refers to the bracketed material as a way of conforming with *Tsanas*.

■ The *Tsanas* and *Jackson* courts[5] are ambiguous regarding the precise defect

> es upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

1 E. Devitt & C. Blackmar, *Federal Jury Practice and Instructions* § 18.05 (3d ed. 1977). This is former Devitt & Blackmar, *Federal Jury Practice and Instructions* § 17.11 (2d ed. 1970). *See Tsanas*, 572 F.2d at 344. *See supra* note 1 for the instruction given in this case.

**5.** Dresnek also relies on a number of cases from other jurisdictions which disapprove a *Nell*-type instruction. They are based in part on the jury's right to nullification and compromise. These cases reason that a *Nell*-type transition instruction prevents a jury from exercising its power of nullification and hinders a jury in reaching compromise verdicts. *See State v. Ogden*, 35 Or.App. 91, 580 P.2d 1049, 1053–55 (1978) (Johnson, J., specially concurring); *People v. Mays*, 407 Mich. 619, 288 N.W.2d 207, 211–12 (Mich.1980) (Coleman, C.J., dissenting). We rejected similar arguments in *Hartley v. State*, 653 P.2d 1052, 1055 (Alaska App.1982) (discussing Michigan lesser-included offense cases and rejecting a jury right of nullification); *see also Christie v. State*, 580 P.2d 310, 320 n. 38 (Alaska 1978) (juries should not reach verdicts by compromise).

Dresnek does not, however, rely on either nullification or compromise. He concedes that the jury may be given the following pattern instruction:

> If the evidence warrants it, you may find the defendant guilty of a crime less than (principal offense) . However, if the facts and the law warrant a conviction of the crime

they find in a *Nell*-type transition instruction. On the one hand they may be reasoning that a defendant has a right to a partial verdict convicting him of a lesser-included offense if a jury is able to reach it, even though the jury is unable to agree on the greater offense. The *Tsanas* court might then conclude that such a verdict would operate as a final determination of the defendant's guilt on the greater offense. *See United States v. Tsanas*, 572 F.2d at 345, 346 n. 7; *United States v. Jackson*, 726 F.2d at 1469. If this is the explanation we rejected its premises in *Staael v. State*, 697 P.2d 1050 (Alaska App.1985), where we held that the trial court may find manifest necessity and declare a mistrial permitting retrial on a greater offense even if a jury which is deadlocked on the greater offense might be able to return a unanimous verdict convicting the defendant of a lesser-included offense. *See also Hughes v. State*, 668 P.2d 842 (Alaska App.1983).[6]

 Alternatively, these cases may be reasoning that a *Nell*-type transition instruction is coercive in that it prevents the jury from even considering lesser-included offenses until they have reached final agreement on the greater offense. Thus a juror convinced that a defendant was innocent of a greater offense but guilty of the lesser offense might convict of the greater offense rather than vote his conscience if he did not understand that conviction of the lesser offense was a possible outcome. This seems to be Dresnek's primary contention. In a sense this is a difficult proposition to prove since a lesser-included offense by definition is included in the greater offense. Consequently, a jury cannot consider the elements of the greater offense without simultaneously considering the elements of the lesser-included offense. All of the instructions are read to the jury at once prior to the beginning of deliberations. In most cases it is difficult to see how a juror would be unaware that a unanimous conviction on the lesser was an alternative to an acquittal on all charges.[7]

of ___(principal offense)___, it is your duty to make such finding uninfluenced by your power to find a lesser offense. This provision is not designed to relieve you from the performance of your duty. It is included to prevent a failure of justice if the evidence fails to prove the original charge but does justify the verdict for the lesser crime.
*Alaska Pattern Jury Instructions (Criminal)* 1.38 (1980).

6. Dresnek also finds support in Alaska Criminal Rule 31(c) which provides in relevant part:
 *Conviction of Lesser Offense.* The defendant may be found guilty of an offense necessarily included in the offense charged, or of an attempt to commit either the offense charged or the offense necessarily included therein if the attempt is an offense. *When it appears that the defendant has committed a crime, and there is reasonable ground of doubt in which of two or more degrees he is guilty, he can be convicted of the lowest of those degrees only.* (Emphasis supplied.)
Dresnek reads this rule to require a jury unable to agree on a greater offense but able to agree on a lesser offense to return a verdict on the latter as a complete resolution of the case. Criminal Rule 31 is based generally upon Federal Rule of Criminal Procedure 31. The underlined language, however, does not appear in the federal rule and apparently was taken from former ACLA § 66–13–75 (1949) which provided:

*Effect of doubt as to degree of crime.* That when it appears that the defendant has committed a crime, and there is reasonable ground of doubt in which of two or more degrees he is guilty, he can be convicted of the lowest of those degrees only.
 This provision was apparently taken from the old Field Codes via Oregon, and similar provisions appear in the codes of a number of the western states. *See* Brown, *The Sources of the Alaska and Oregon Codes* (pts I & II), 2 UCLA—Alaska L.Rev. 15, 87 (1972–1973). Courts interpreting similar statutes have held that a defendant upon request is entitled to an instruction in the language of the statute and that a general instruction about reasonable doubt is not sufficient where there are lesser-included offenses with support in the record. These cases also hold that the reference to "degrees" does not limit the statute to crimes broken down into degrees but refers to lesser and greater offenses generally. *See, e.g., State v. Trujillo*, 225 Kan. 320, 590 P.2d 1027 (1979); *Carey v. State*, 91 Idaho 706, 429 P.2d 836 (Idaho 1967); *People v. Dewberry*, 51 Cal.2d 548, 334 P.2d 852 (1959).
 We find nothing in Alaska Rule of Criminal Procedure 31(c) or the statutes upon which it is based that precludes a mistrial in a case in which the jurors cannot agree on a greater offense but can agree on a lesser offense. *See People v. Avalos*, 37 Cal.3d 216, 207 Cal.Rptr. 549, 689 P.2d 121 (1984) (considering a similar statute).

■ We recognize, however, that Alaska has adopted the cognate approach to lesser-included offenses and that cases could arise in which the relationship between the greater offense and the lesser-included offenses might be less clear. *Marker v. State*, 692 P.2d 977 (Alaska App., 1984); *Minano v. State*, 690 P.2d 28 (Alaska App.1984). In the instant case, we find nothing obscure or potentially confusing in the relationship between the various offenses and no circumstances to indicate that the instructions misled the jury. We therefore conclude that there was no abuse

of discretion in using the *Nell* instruction. Nevertheless, in order to ensure that juries are aware that they are free to discuss the evidence and the law in any order which they find convenient, we hold that trial courts instructing juries after publication of this opinion should make this clear.

Trial judges should choose appropriate instructions for this purpose. One approach is suggested by CALJIC 17.10 and 17.12.[8]

We are concerned that a jury might read the Seventh Circuit *Tsanas*-type instruc-

---

**7.** Of course a juror who preferred conviction on a lesser offense to conviction on the greater might prefer the latter to a mistrial on the greater offense. Such a juror cannot, however, prevent the state from obtaining a mistrial on the greater if the jury cannot agree about it no matter what the jury is prepared to do with the lesser offense or offenses. *See Staael v. State,* 697 P.2d 1050 (Alaska App.1985); *Hughes v. State,* 668 P.2d 842 (Alaska App.1983).

**8.** CALJIC 17.10 and 17.12 read as follows:

CALJIC 17.10 (1984 Revision)
*Conviction of Lesser Included or Lesser Related Offense*

If the jury is not satisfied beyond a reasonable doubt that the defendant is guilty of the offense charged and it unanimously so finds, it may convict him of any lesser offense if the jury is convinced beyond a reasonable doubt that he is guilty of such lesser offense.

[The offense of _____ is a lesser offense to the offense charged in Count _____.]

[The offense of _____ is a lesser offense to the offense charged in Count _____.]

[The offense of _____ is a lesser offense to the offense charged in Count _____.]

CALJIC 17.12 (1984 Revision)
*Jury May Return Partial Verdict—Non-Homicide*

In this case, defendant is charged [in Count _____] with the offense of __(greater offense)__. _____ [and _____] [is a] [are] lesser offense[s].

The court [has provided] [will provide] you with verdict forms for each count charged and for each lesser offense. You should determine whether defendant is guilty or not guilty of the offense of __(greater offense)__ [charged in Count _____] [and any special finding you are directed to make]. If you unanimously agree that defendant is guilty of said offense [charged in Count _____] [and any special finding you are directed to make], you will have your foreman date and sign the guilty verdict [and return with it into court]. Nothing further will be then required of you [as to Count _____].

However, if you unanimously agree that defendant is not guilty of such offense, you will have your foreman date and sign the not guilty verdict for that crime and you will determine whether defendant is guilty or not guilty of the lesser offense of _____. If you unanimously agree that defendant is guilty or not guilty of said lesser offense of _____, you will have your foreman date and sign such guilty or not guilty verdict [and return it into court together with the not guilty verdict on the offense of __(greater offense)__ [charged in Count _____] [as well as any special finding you are directed to make].

[If you unanimously agree that the defendant is not guilty of _____ [and _____], you will determine whether defendant is guilty of the lesser offense[s] of _____ [and _____].]

You will note from this instruction that you must unanimously agree that the defendant is not guilty of the greater offense before you may find the defendant guilty or not guilty of any lesser offense. If you are not able to unanimously agree on the greater offense, your foreman shall report such fact to the court.

If you unanimously agree that defendant is not guilty of the offense of __(greater offense)__ [or _____] [charged in Count _____], but after due and sufficient deliberation you cannot agree that defendant is guilty or not guilty of any lesser offense, your foreman shall report such fact to the court and then return to the court the signed not guilty verdict of the offense of __(greater offense)__ [charged in Count _____].

You will note from this instruction that if you unanimously agree that defendant is not guilty of the offense of __(greater offense)__ [charged in Count _____], you must have your foreman date and sign such verdict and return it into court regardless of what may happen in your deliberations on any lesser offense[s].

2 *California Jury Instructions—Criminal* §§ 17.10, 17.12 (4th ed. Supp.1984).

tion to require a jury that was unanimously convinced of the defendant's guilt on a lesser-included offense to return a verdict convicting him of that offense even though the jury was deadlocked on the greater offense.

As the commentary to the California instructions points out, the jury is free to deliberate on the charged offense (the greater offense) and the lesser-included offenses in any order it wishes. The jury is merely precluded from returning a verdict on a lesser offense without also returning a verdict on the greater offense. *California Jury Instructions* at 175 (Supp.1984).

The California instructions distinguish between the jury's right to deliberate about the elements of a lesser-included offense before deciding the greater offense and the preclusion on returning a verdict on the lesser-included offense without deciding the greater offense. In this regard they are preferable to the *Nell* instruction and the transition instruction approved in *Pharr v. Israel,* 629 F.2d 1278, 1282 (7th Cir.1980), which do not make this distinction.

## II.

## INTOXICATION PRESUMPTIONS

 Over defense objection, the judge instructed the jury in accordance with the presumptions concerning intoxication contained in AS 28.35.033(a).[9] It appears that this section became effective after the present offense was committed but prior to Dresnek's trial. Dresnek does not object on this ground. Rather, he contends that the presumptions only apply to drunk driv-

ing prosecutions and not to prosecutions for manslaughter or negligent homicide where recklessness and negligence are predicated on intoxication. We believe that our decision in *Pena v. State,* 664 P.2d 169 (Alaska App.1983), *rev'd on other grounds,* 684 P.2d 864 (Alaska 1984), weighs strongly against such a reading of the statute. In *Pena,* we held that the "implied consent" to a blood test provided in AS 28.35.-031 applied without distinction to both prosecutions for drunk driving and prosecutions for other crimes arising out of driving while intoxicated. 664 P.2d at 172. In any event, we are satisfied that the presumptions established in AS 28.35.033(a) reflect a legislative judgment regarding the interrelationship between blood-alcohol levels and competence to drive. We believe that a jury considering drunk driving, assault (involving motor vehicles), manslaughter, and negligent homicide cases should be made aware of this legislative judgment. *Cf. Ferrell v. Baxter,* 484 P.2d 250 (Alaska 1971) (violation of traffic statute constitutes negligence *per se* ). While we are not prepared to say that a blood-alcohol level in excess of the statutory presumption necessarily establishes criminal recklessness or culpable negligence as a matter of law, *but see Lupro v. State,* 603 P.2d 468, 474–75 (Alaska 1979) (interpreting former law to this effect), we believe that the statutory presumptions are matters which the jury may consider in reaching its independent judgment regarding the defendant's conduct at the time of the incident in question. The trial court complied with Alaska Rule of Evidence 303(a)(1) when it instructed the

---

9. The jury was instructed as follows:

Under Alaska law, when a person is alleged to be operating a motor vehicle under the influence of intoxicating liquor, the amount of alcohol in the person's blood at the time alleged, as shown by chemical analysis of the person's blood, may give rise to the following inferences:

(1) If there was 0.05 percent or less by weight of alcohol in the person's blood, it may be inferred that the person was not under the influence of intoxicating liquor.

(2) If there was in excess of 0.05 percent but less than 0.10 percent by weight of alcohol

in the person's blood, that fact standing alone, gives rise to no inference.

(3) If there was 0.10 percent or more by weight of alcohol in the person's blood, it may be inferred that the person was under the influence of intoxicating liquor.

You may consider as a factor in your evaluation of the defendant's conduct whether or not he was under the influence of intoxicating liquor at the time of the accident. An inference is merely a conclusion you may draw from a set of facts, but are not required to do so.

jury regarding the presumption against the accused in this case. *See Erickson v. Anchorage,* 662 P.2d 963, 965–67 (Alaska App. 1983). We are satisfied that no error occurred.

## III.

### SENTENCE

■ Dresnek argues that his sentence of eight years with three years suspended for manslaughter and two concurrent sentences of three years for second-degree assault are excessive. He stresses his good work record, his lack of any criminal convictions, and what the defense characterizes as a minor record of traffic violations. We have carefully considered the record in light of the standards previously adopted for sentencing those convicted of drunk driving manslaughter. In light of those standards, the sentence imposed was not clearly mistaken. *See Clemans v. State,* 680 P.2d 1179, 1189–90 (Alaska App. 1984); *Gibbs v. State,* 676 P.2d 606, 608 (Alaska App.1984); *State v. Lamebull,* 653 P.2d 1060, 1061–62 (Alaska App.1982); *State v. Lupro,* 630 P.2d 18, 20–21 (Alaska App.1981). While the facts of each case differ to a certain extent from Dresnek's, his situation being in some cases more favorable and in others less favorable than that of the drivers whose conduct was considered, we are satisfied on balance that the sentence imposed by Superior Court Judge Seaborn J. Buckalew, Jr., was not clearly mistaken and was in line with prior authority.

The judgment and sentence of the superior court are AFFIRMED.