**David E. ADAMS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–880.**

Court of Appeals of Alaska.

May 2, 1986.

Pamela Cravez, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Robert D. Bacon, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

David E. Adams was convicted by a jury of manslaughter, in violation of AS 11.41.-120(a)(1). Superior Court Judge J. Justin Ripley sentenced Adams to a presumptive term of ten years' imprisonment. Adams appeals, challenging the jury instruction given by the trial court on the relationship between intoxication and recklessness.[1] Adams additionally contends that his sentence is excessive, arguing that Judge Ripley erred in rejecting a proposed mitigating factor. We affirm.

Adams' manslaughter conviction stemmed from a collision between a truck and an automobile. The automobile was driven by Adams. As a result of the collision, the passenger in Adams' automobile was killed. The state's evidence at trial indicated that Adams was driving while under the influence of intoxicating liquor.

Prior to submission of the case to the jury, Judge Ripley informed the parties that he intended to give a jury instruction equating recklessness with intoxication. Adams objected to the proposed instruction on the sole ground that the instruction did not, on its face, require the state to prove that the victim's death was actually caused by Adams' recklessness. In response to this objection, Judge Ripley added a paragraph to the proposed instruction expressly setting out the prosecution's burden of proving causation. As amended, the instruction read:

If you find that the defendant operated a motor vehicle at the time of the accident while under the influence of intoxicating liquor that is sufficient to establish recklessness on his part.

A person is under the influence of intoxicating liquor when, as a result of the use thereof, his physical and mental abilities are impaired so that he no longer has the ability to operate or drive a vehicle under the same or similar circumstances with the caution characteristic of a person of ordinary prudence who is not under the influence of intoxicating liquor.

This provision does not eliminate the requirement that the State also prove that the reckless conduct was a causal factor.

Adams' counsel specifically approved the instruction in its amended form.[2] On appeal, Adams challenges the instruction, arguing for the first time that the trial court erred in equating intoxication with recklessness.

Our recent decision in *St. John v. State*, 715 P.2d 1205, (Alaska App.,1986), dealt with an instruction identical to the first two paragraphs of the instruction given by Judge Ripley in the present case. We concluded that reversal was required in *St. John*, holding that the instruction misstated the current statutory definition of recklessness. We expressly declined to find harmless error, noting that the incorrect instruction effectively precluded the jury from reaching a verdict based on a finding that the state had proved all of the essential elements of the crime charged. *St. John v. State*, 715 P.2d at 1207–1211.

1. Adams also challenges the transitional instruction requiring the jury to reach a verdict of acquittal on manslaughter before it could consider the lesser-included offense of negligent homicide. The argument is identical to the argument rejected by this court in *Dresnek v. State*, 697 P.2d 1059 (Alaska App.1985), *petition for hearing granted* (Alaska, July 15, 1985). For the reasons stated in our *Dresnek* decision, we reject Adams' argument here. *See* 697 P.2d at 1060–64.

2. In response to the trial court's suggestion that language specifying the requirement of causa-

tion be added to its proposed instruction on recklessness, Adams' defense counsel stated, in relevant part:

[A]ll I'm saying is if he [the prosecutor] wants this instruction, the only objection I would have is that it stops bang. It doesn't continue with what the law says. That that state of sobriety causing—which in itself is recklessness, is what caused the accident. And what you [the trial judge] used, you know, a moment ago, Your Honor, would be fine with me.

In the present case, however, Adams' acquiescence, at the trial court level, to the challenged instruction requires us to determine whether that instruction amounted to plain error. *See* Alaska R.Crim.P. 47(b). This court has previously distinguished between harmless error and plain error. In particular, we have recognized, in the context of trial court rulings implicating a defendant's constitutional rights, that, in order to establish plain error, the accused must do more than show that an error was not harmless beyond a reasonable doubt. *See Van Hatten v. State,* 666 P.2d 1047, 1056–57 (Alaska App.1983). The burden is on the accused in such cases to establish that the error was obviously prejudicial. *Id.*

Here, strong and virtually uncontested evidence was presented at trial to establish that Adams' driving was impaired by his consumption of alcohol. The exclusive focus of Adams' defense was on the issue of causation, not the issue of intoxication. Adams' theory was that the collision occurred because another car pulled out in front of him suddenly, forcing him to take evasive action. An accident reconstruction expert who was called by Adams testified that the collision could not have been avoided, regardless of whether Adams was drunk or sober. The final arguments of the parties similarly centered on the issue of causation. In keeping with his theory of defense, Adams' trial counsel argued that it was simply irrelevant whether Adams was under the influence of intoxicating liquor, because any recklessness attributable to intoxication did not cause the accident:

> The second paragraph [of the instruction] says that David E. Adams recklessly caused the death of another. He had to cause it. If he was drunk, or under the influence, or stone-cold sober, it makes no difference. He had to cause it. Or whoever was driving that van. That is an essential element of the crime of manslaughter. The judge will then instruct you what recklessness means. Please notice that it does not say that

he's guilty because he's intoxicated. It says that he must be aware of and consciously disregard—aware of and consciously disregard a substantial and unjustifiable risk. Now, the reason I say that it does not say that he's guilty just because he had some drinks, or he's under the influence, it's because the last sentence says a person who is unaware of a risk, [of] which he would have been aware had he not been intoxicated, acts recklessly with regard to that risk. So the state of sobriety is a factor. But only if it caused—if it contributed to the death—the accident and the death of Mr. Stevenson.

Given the strength of the evidence indicating intoxication, as well as the nature of Adams' theory of defense and the manner in which that theory was argued to the jury, we find it extremely unlikely that the erroneous instruction resulted in any actual prejudice to Adams' case. Since we find no obvious prejudice under the circumstances, we hold that the improper instruction did not constitute plain error.

Adams' second contention is that his sentence is excessive. Manslaughter is a class A felony. AS 11.41.120(b). The maximum sentence for the offense is twenty years' imprisonment. AS 12.55.125(c). Adams was subject to a presumptive term of ten years' imprisonment because he had previously been convicted of a felony. AS 12.55.125(c)–(3). Prior to sentencing, Adams alleged the presence of the mitigating factor specified in AS 12.55.155(d)(9): that his conduct was among the least serious within the definition of the offense. Judge Ripley rejected the proposed mitigating factor and imposed the presumptive term without adjustment.

On appeal, Adams attributes error to Judge Ripley's rejection of his proposed mitigating factor. He reasons that, because manslaughter can be committed by a person who acts intentionally, knowingly, or recklessly, a manslaughter conviction based on recklessness—as was Adams' conviction in the present case—automatically falls within the least serious class of man-

slaughter. Adams thus urges us to hold that the trial court was obligated to find the presence of his proposed mitigating factor. This court, however, has previously rejected arguments similar to those advanced by Adams. We have specifically held that, for purposes of establishing the mitigating factor specified in AS 12.55.-155(d)(9), reckless conduct is not *per se* less serious than knowing or intentional conduct. *See New v. State,* 714 P.2d 378, 382 n. 2 (Alaska App.1986); *Walsh v. State,* 677 P.2d 912, 916–18 (Alaska App.1984). These decisions are dispositive of Adams' argument in the present case.

The conviction and sentence are AFFIRMED.