**Raymond CLOSE, Appellant,**

v.

**MUNICIPALITY OF ANCHORAGE,
Appellee.**

No. A–5759.

Court of Appeals of Alaska.

Feb. 16, 1996.

---

**42**

Glenn E. Cravez, Anchorage, for Appellant.

Carmen E. ClarkWeeks, Chief Municipal Prosecutor, and Mary K. Hughes, Municipal Attorney, Anchorage, for Appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

## OPINION

MANNHEIMER, Judge.

Raymond Close appeals his conviction for reckless driving under Anchorage Municipal Code § 9.28.010. We affirm.

Toward the end of Close's jury trial, when the trial judge and the parties were discussing jury instructions, the judge proposed various instructions defining the elements of reckless driving under the municipal ordinance. One of these instructions, ultimately numbered Instruction 6, stated:

> The term "reckless" connotes a degree of carelessness greater than simple negligence and requires a negligent act or omis-

sion accompanied by an unlawful disregard for the foreseeable consequences of such act or omission to the personal safety [or] property of other persons.

Because the word "carelessness" was used in this instruction, Close asked the judge to instruct the jury on the meaning of "carelessness". Close proposed a definition that tracked the definition of careless driving, a separate offense under the Anchorage Municipal Code. The prosecutor objected to Close's proposed definition of "carelessness". The prosecutor argued that Instruction 6 used the word "carelessness" in its normal, everyday sense, not as a term of art, and therefore no defining instruction was needed.

The trial judge agreed with the prosecutor's argument that "carelessness" as used in Instruction 6 needed no further definition. The judge asked Close whether he would be requesting an instruction on the crime of careless driving as a lesser-included offense. This question implied that the judge recognized the need for a more precise legal definition of "carelessness" if the jury were asked to return a verdict on the offense of careless driving. However, Close told the judge that he did not intend to request an instruction on the lesser offense of careless driving. The judge then declared that it was not necessary to give a further instruction defining "carelessness" for the jury.

At this point, Close told the court: "Under those circumstances, Your Honor, I feel I am forced to ask for a careless driving [instruction], and I make such a request at this time." Pursuant to Close's request, the trial judge instructed the jury on the lesser offense of careless driving.

■ On appeal, Close argues that the trial judge committed error by refusing to instruct the jury on the definition of "carelessness" as used in Instruction 6. We, however, agree with the trial judge that Instruction 6 used the word "carelessness" in its normal sense. No further definition was necessary for the jury's understanding of Instruction 6. *See Williams v. State,* 648 P.2d 603, 608 (Alaska App.1982) (when the word "recklessly" was used in its normal sense, the trial judge did not commit plain error by failing to

further define this word for the jury). The specialized definition that Close proposed (a definition based on the Municipal Code's definition of "careless driving") did not become relevant until Close decided to ask the jury to return a verdict on this lesser offense.

■ Close's other arguments on appeal deal with the fact that the jury found him guilty of both reckless driving (the original charge) and careless driving (the lesser-included offense that Close requested).[1] When the jury returned these two verdicts, Close asked the trial judge to question the jurors regarding which charge they had voted on first. The trial judge refused to do this; instead, the judge ruled that the lesser offense (careless driving) would merge with the greater offense (reckless driving) for a single judgement of conviction for reckless driving.

Close asserts that, because the jury simultaneously returned verdicts on both the reckless driving charge and the careless driving charge, it is impossible to tell which charge the jury voted on first. Close further asserts that, if the jury voted first to convict Close of the lesser charge of careless driving, then the double jeopardy clause would preclude the jury from continuing its deliberations and subsequently voting to convict Close of reckless driving. This is mistaken.

■ In *Dresnek v. State*, 697 P.2d 1059 (Alaska App.1985), *aff'd* 718 P.2d 156 (Alaska 1986), this court clarified that "the jury is free to deliberate on the charged offense ... and [on] the lesser-included offenses in any order it wishes. The jury is merely precluded from returning a verdict on a lesser offense without also returning a verdict on the greater offense[s]." 697 P.2d at 1064. Jury verdicts have no preclusive effect under the double jeopardy clause until the trial judge accepts the jury's verdicts. As the Fourth Circuit stated in *United States v. Chinchic*, 655 F.2d 547, 549–50 (4th Cir.1981),

> Votes taken in the jury room prior to [the verdict's] being returned in open court are merely preliminary and are not binding on the jury, any member of which is entitled

to change his or her mind up until the time of the trial court's acceptance of the verdict.

*See also United States v. Love*, 597 F.2d 81, 85 (6th Cir.1979) (the mere announcement of a verdict by the jury foreman is not a final verdict for double jeopardy purposes—citing several cases in which courts "have approved the practice of permitting a jury to correct a mistake in its announced verdict before [the verdict] has been accepted and the jury discharged"); *United States v. Taylor*, 507 F.2d 166, 168 (5th Cir.1975) ("[A] jury has not reached a valid verdict until deliberations are over, the result is announced in open court, and no dissent by a juror is registered."); *State v. Robinson*, 84 Wash.2d 42, 523 P.2d 1192, 1195 (1974) ("[A] jury's action does not become a verdict until it is finally rendered in open court and received by the trial judge".).

We thus conclude that the trial judge did not commit error when he refused Close's request to question the jurors regarding the order in which they reached their verdicts. The order in which the jurors voted on the two charges does not present a double jeopardy issue.

■ Close raises another related issue. During the discussion of jury instructions, the trial judge proposed to give a "transition" instruction based on Alaska Criminal Pattern Jury Instruction No. 1.37:

> The jury is free to deliberate on the charged offense ... and [any] lesser included offense(s) in any order it wishes. The jury must reach a verdict on a greater offense before reaching a verdict on a lesser offense.

The prosecutor objected that this instruction misstated the law; the prosecutor asserted that the jury was not to deliberate on a lesser-included offense until they had reached a "not guilty" verdict on the greater offense. (As can be seen from our previous discussion of *Dresnek*, the prosecutor was wrong.)

---

1. In returning two guilty verdicts, the jurors apparently failed to understand that they should find Close guilty only of reckless driving (the charged offense) if they believed that the government had proved both the charged offense and the lesser-included offense.

The trial judge correctly discerned that the prosecutor's argument was mistaken. Nevertheless, after re-examining the wording of Pattern Instruction 1.37, the trial judge decided that the instruction might confuse the jury. He therefore declined to give it. Close took "vigorous exception" to the trial judge's decision. Close argued that, without Pattern Instruction 1.37, the jury might conclude that they "[could not] even look at careless driving until they've determined reckless [driving]".

On appeal, Close renews his argument that Pattern Instruction 1.37 should have been given. However, the prejudicial consequence predicted by Close (that the jurors would not understand their ability to simultaneously consider both charges) did not come to pass. From the jury's two verdicts in this case, it is clear that the jurors considered both the charge of reckless driving and the charge of careless driving. Accordingly, even assuming that it was error for the trial judge not to give Pattern Instruction 1.37, that error was harmless.

The judgement of the district court is AFFIRMED.