Oaeutiiers, J.,
delivered the opinion of the court.
The defendant was indicted and convicted in the circuit court of Franklin county, for murder in the second degree. A motion for a new trial was made and overruled. Appeal to this court.
The first ground urged for a reversal, is, that defendant was refused a continuance to which he was by law *483 entitled, and forced into trial. The application for a second continuance was made after the defendant bad announced tliat lie was ready for trial, several pannels examined, all his challenges exhausted, and three jurymen elected. The affidavits on which the motion was predicated, stated that several important witnesses, who had been subpoenaed, did not attend, and that he had heard of others, since he had declared himself ready for trial, who had not been summoned; that they were all material for his defense, &c. The names of the witnesses were given in the affidavit, but what he expected to prove by them, was not set forth. There had been but one' continuance of the case, and that was obtained alone upon the statutory ground of excitement and prejudice in the community; Act 1827, ch. 30, C. & N., 701. The defendant, by his counsel, insists here, that the rule of practice settled in the case of The State vs. Morris, 1 Ten. Rep., 220, that on the first application for a continuance, the defendant is not bound to disclose what his witnesses would swear, entitled him to a continuance, on a general affidavit. That the continuance at the previous term, though upon affidavit, was a right given to defendant by statute, as a substitute for change of Arenue, which the same act abolished in criminal eases; and for that reason, should not be counted against him on this application, so as to make it necessary to show what he would prove by his witnesses according to this rule. Ve think otherwise. The only reason upon which such a rule can be founded, is, that at the first term, the accused may not have had sufficient time to ascertain what, and by whom he would be able to prove particular facts; and for that reason, he should not be required to show to the court, what facts *484 be expected to prove; or, in the language of tbe judge, in The State vs. Morris, “ disclose wbat bis witnesses would swear,” but should be entitled to one continu-airce, on an affidavit, otherwise sufficient, without stating what they would prove. This reason will apply -with equal force to a continuance, at the second term, though it be the first, as well as upon a second continuance. Public policy, as well as individual interests, requires “that justice should be administered without delay,” so far as it can be done consistently with the allowance of a reasonable opportunity, for that preparation, which is necessaiy in each particular case, for the attainment of justice. This sentiment applies to both civil and criminal cases, and we think that its application to practice would forbid a continuance after the first term at which a case stands for trial, without setting forth the facts expected to be proved, that the court may judge of their materiality. Then we would lay down the proper rule of practice, in all cases, to be, that at the first term at which a case, either civil or criminal, is triable by the rules of law, either party may continue upon a general affidavit; but at the second, or any subsequent term, whether the party making the application has continued the case before or not, the affidavit must be special; that is, disclose the facts to be proved, as well as the names of the persons by whom they expect to prove them. While on the one hand, it might work injustice to a party to force him to trial unprepared, on the other, it may be ruinous to the other party, and perhaps to both, to protract unsuccessfully the litigation. At all events, it should be required by any party asking for delay, after he has had at least four months to investigate his case, and prepare for trial, not to produce further delay for the *485 want of witnesses, without disclosing to tbe court wbat they are to prove, so that tbe' judge may see whether the matter is pertinent or material to the issue. He aslcs that the law, fixing a certain time or term for his trial, shall be suspended in his favor, and should not’ complain, that he is required to show clearly that justice requires it, as one of the terms on which the favor is granted. It may appear to the judge, when he states the facts, that they would be of no avail to him, and then it would be an injury to him to grant the postponement, by an unnecessary accumulation of cost, and a great wrong to the other side by the delay. But, under the circumstances of this case, we could not say. that the circuit judge was in error, even if the. trial had been at the first term; and, therefore, that no continuance had’been previously asked or obtained. Though it may not have been so intended in this case, yet, a general rule, permitting it, would place it in the power of a defendant to make an experiment, at the expense of several days of the public time in getting a jury, and then, finding that they did not suit his case, resort to an application to continue, for that reason alone. Though we will not say that a case might not possibly occur, to authorize it, in the discretion of a circuit judge, to save the time that might be consumed in an investigation of the case, where it would be manifest that a sufficient ground could be laid for a new trial, after conviction. But certainly, it would require an exceedingly strong case. We do not say that a case could not be made out to justify it, after a portion of the jury had been selected. We give no opinion on that point; all that is necessary to decide now, is, that no such case is made out here.
*486 It has often been decided by this court, that continuances are, and should be left, very much to the discretion of the circuit Judge, and we now say that it would require a very strong case of abuse of this discretion, to authorise this court to interfere.
It is urged that there is an error in that part of the charge of the court, which is in these words: “ The jury are not only the judges of the facts in the case, but they are the judges of the law. • The court is a witness to them, as'to what the law is; after the court has stated the law to them, then, if they believe it to be different, they can disregard the opinion of the court. .If the judge is against the defendant, his judgment can be reversed by the supreme court; if the jury errs in favor of the defendant their judgment is final, and can not be reversed in the supreme court.”
It is first objected that the judge said he was a ic witness to them, as to what the law is.” This, it is said, was calculated to give undue weight to his opinions of what the law is, conveying the idea that it would be perjury in him to mistake it. Even on that idea, the charge is correct, for he performs this, as well as all other duties of his office, under oath, and is thus solemnly bound to give the law to the jury, fully and fairly, as he understands it. But, in the same sentence, he tells them, that if they differ with him, as to what the law is, they have a right to disregard his opinion. In connection with this last point, which we think quite strong enotfgh, to say the least of it, for the defendant, he reminds them, that if he erra against the defendant, it can be cured by a revising court; but if the jury «en* in favor of the defendant, there is no means of ■correcting it, as the State cannot appeal from a verdict *487 of acquittal. "We can see no impropriety in this remark, as it was a correct declaration of tbe law, and only tended to put tbe jury on their guard, in exercising their right as judges of the law, against doing wrong either way.
We have examined the whole charge, and consider it a very able and accurate exposition of the law of homicide, and taken as a whole, we think there is no material error in it. . It gave to the defendant the advantage of every legal principle which could operate in 1ns favor, and properly guarded the cause of public justice.
Upon the whole, we feel constrained in all things, to affirm the judgment below.