**Stephan J. DRESNEK, Petitioner,**

v.

**STATE of Alaska, Respondent.**

**Onno J. SPIERINGS, Petitioner,**

v.

**STATE of Alaska, Respondent.**

**Condrat KRUKOFF, Petitioner,**

v.

**STATE of Alaska, Respondent.**

**Robert OKPEAHA, Jr., Petitioner,**

v.

**STATE of Alaska, Respondent.**

**John B. BALENTINE, Petitioner,**

v.

**STATE of Alaska, Respondent.**

**Nos. S–963, S–973, S–1085, S–1122 and S–1231.**

Supreme Court of Alaska.

May 2, 1986.

---

Susan Orlansky, Asst. Public Defender, Anchorage, Dana Fabe, Public Defender, Anchorage, for petitioners Stephan A. Dresnek and Condrat Krukoff.

Robert D. Bacon, Cynthia M. Hora, Asst. Attys. Gen., Anchorage, Harold M. Brown, Atty. Gen., Juneau, for respondent.

Tina Kobayashi, Asst. Public Defender, Anchorage, Dana Fabe, Public Defender, Anchorage, for petitioner Onno J. Spierlings.

William A. Davies, Asst. Public Defender, Fairbanks, Dana Fabe, Public Defender, Anchorage, for petitioner Robert Okpeaha, Jr.

Sen K. Tan, Asst. Public Defender, Anchorage, Dana Fabe, Public Defender, Anchorage, for petitioner John B. Balentine.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

PER CURIAM.

We have granted review in these cases, limited to the question of "whether a trial court may give, over the criminal defendant's objection, a 'transition' instruction that the jurors must unanimously find the defendant not guilty of a greater offense before they may render a verdict on whether he is guilty of any lesser included offense." The court of appeals answered this question in the affirmative. We agree for the reasons stated by the court of appeals in *Dresnek v. State*, 697 P.2d 1059 (Alaska App.1985).

AFFIRMED.

RABINOWITZ, Chief Justice, joined by BURKE, Justice, dissenting.

I would reverse the court of appeals' decision in *Dresnek v. State*, 697 P.2d 1059 (Alaska App.1985). There is a real danger that instructing the jury that they cannot enter a guilty verdict on the lesser included offense unless they first unanimously acquit on the greater offense will vitiate a defendant's right to a lesser included offense instruction.

We have held that a trial court's failure to give an instruction properly requested by the defendant on a lesser included offense is error. *Christie v. State*, 580 P.2d 310, 318 (Alaska 1978). We stated the rationale for our ruling as follows:

[W]hen facts are put in evidence which support instructions as to lesser degrees and they are not given, the jury may be faced with the choice either of acquitting a man who is obviously guilty of some wrong or of finding guilty a man who is not guilty of the crime charged.

*Id.* at 318 (citations omitted). This pressure to convict is magnified when eleven jurors vote to convict on the charged offense, and one juror has a reasonable doubt as to defendant's guilt on that offense, but believes the defendant guilty of some offense. The pressure could be enormous on that juror to vote to convict on a charge of which he has reasonable doubt, rather than to "hold out" and leave a guilty defendant unconvicted. The lesser included instruction is therefore necessary to ensure that the defendant is "accorded the full benefit of the reasonable doubt standard," *Beck v. Alabama,* 447 U.S. 625, 634, 100 S.Ct. 2382, 2388, 65 L.Ed.2d 392, 400 (1980), and to protect against "the substantial risk that the jury's practice will diverge from theory." *Keeble v. U.S.,* 412 U.S. 205, 212, 93 S.Ct. 1993, 1997, 36 L.Ed.2d 844, 850 (1973).[1] Defendant's right to such an instruction is required by due process in capital cases, *Beck,* 447 U.S. at 637–38, 100 S.Ct. at 2389–90, 65 L.Ed.2d at 402–03, and arguably is required by due process in noncapital cases. *See, Hopper v. Evans,* 456 U.S. 605, 611–12, 102 S.Ct. 2049, 2052–53, 72 L.Ed.2d 367, 373 (1982); *Ferazza v. Mintzes,* 735 F.2d 967, 968 (6th Cir.1984); *Miller v. Stagner,* 757 F.2d 988, 993 (9th Cir.1985).

If the jury is instructed that it cannot convict a defendant of the lesser included charge unless it first unanimously votes to acquit on the greater charge, it will be subjected to the same pressure to ignore the reasonable doubt standard that it would face if no lesser included offense instruction were given at all. If the jury is split eleven to one for conviction on the greater charge, the juror who has a reasonable doubt as to defendant's guilt on the greater charge but who would convict on the lesser included, will be faced with the same dilemma of voting to convict on the greater offense or leaving a guilty defendant unconvicted by forcing a mistrial. *See, United States v. Tsanas,* 572 F.2d 340, 345–46 (2nd Cir.1978), *cert. den.* 435 U.S. 995, 98 S.Ct. 1647, 56 L.Ed.2d 84 (1978); *United States v. Jackson,* 726 F.2d 1466, 1470 (9th Cir.1984) (per curiam). The dissenting juror knows that the defendant cannot be convicted on the lesser included offense unless the other eleven jurors, convinced beyond a reasonable doubt, change their minds and vote to acquit on the greater offense.

The court of appeals' opinion, which a majority of this court now adopts, is unresponsive to this argument. The court of appeals characterized the argument as suggestive that the unanimity instruction was coercive:

> ... in that it prevents the jury from even considering lesser-included offenses until they have reached final agreement on the greater offense. Thus a juror convinced that defendant was innocent of a greater offense but guilty of the lesser offense might convict of the greater offense rather than vote his conscience if he did not understand that conviction of the lesser offense was a possible outcome. *Dresnek,* 697 P.2d at 1062.

The court of appeals responded that since a jury cannot consider the elements of the greater offense without simultaneously considering the elements of the lesser offense, "it is difficult to see how a juror would be unaware that a unanimous conviction on the lesser was an alternative to an acquittal on all charges." *Id.* at 1062.

---

**1.** The Supreme Court stated in *Beck:*

True, if the prosecution has not established beyond a reasonable doubt every element of the offense charged, and if no lesser offense instruction is offered, the jury must, as a theoretical matter, return a verdict of acquittal. But a defendant is entitled to a lesser offense instruction—in this context or any other—precisely because he should not be exposed to the substantial risk that the jury's

practice will diverge from theory. Where one of the elements of the offense charged remains in doubt, but the defendant is plainly guilty of *some* offense, the jury is likely to resolve its doubts in favor of conviction. 447 U.S. at 634, 100 S.Ct. at 2388, 65 L.Ed.2d at 400–401, quoting from *Keeble,* 412 U.S. at 212–213, 93 S.Ct. at 1997–98, 36 L.Ed.2d at 850 (emphasis in original).

The problem, however, is that whether or not the jury can "consider" the lesser included offense, the juror "holding out" for acquittal on the greater offense still knows that because of the unanimity instruction the defendant cannot be convicted for the lesser included offense. The court of appeals did seem to recognize the possibility that a juror would prefer conviction on the greater charge to a mistrial. 697 P.2d at 1063, n. 7. The court of appeals stated:

> Such a juror cannot, however, prevent the state from obtaining a mistrial on the greater if the jury cannot agree about it no matter what the jury is prepared to do with the lesser offense. *Id.*

This argument does not respond to the possibility that such a juror could "prevent mistrial" by voting to convict on the greater charge, even though he was not convinced beyond a reasonable doubt.

The state emphasizes its entitlement to a verdict on the charged offense. In this regard it argues that not instructing the jury that it must unanimously acquit on the greater offense in order to enter a verdict on the lesser included offense inevitably will lead to "compromise verdicts" where the jury will not vigorously deliberate the greater charge, but instead will quickly slide to the common ground of a guilty verdict on the lesser included charge. The state believes that this possibility is particularly unfair because if the jury convicts on the lesser included offense, the jury's silence on the greater charged offense would serve as an "implied acquittal", precluding the state from retrying the defendant on that offense. *See, Price v. Georgia*, 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970).

It should not be lightly assumed that a jury that is instructed that it must use all reasonable efforts to reach a verdict on the charged offense will ignore this instruction and quickly reach a verdict on the lesser included offense. A conviction on a lesser included charge is not a "compromise" verdict if all the jurors agree that the defendant is guilty of this charge and genuinely disagree about whether the defendant is guilty of the greater charge.

While the state's arguments are not without merit, they are outweighed by the defendant's fundamental concerns that a unanimity instruction may result in his conviction on the greater offense by a jury consisting of some jurors who have reasonable doubt as to his guilt on that charge. As one court put it, the defendant should at least be allowed to choose the instruction because "[i]t is his liberty that's at stake." *Tsanas*, 572 F.2d at 346.

I conclude therefore that it was reversible error for the superior court to have refused to instruct the jury as the defendants requested.[2] *See, Tsanas*, 572 F.2d 340; *Jackson*, 726 F.2d 1466; *Catches v. United States*, 582 F.2d 453, 458–59 (8th Cir.1978); *State v. Korbel*, 231 Kan. 657, 647 P.2d 1301, 1305 (1982) ("if you cannot agree" instruction not error because it did not require jury to unanimously acquit on the greater offense); *People v. Mays*, 407 Mich. 619, 288 N.W.2d 207 (1980) (per curiam); *State v. Muscatello*, 57 Ohio App.2d 231, 387 N.E.2d 627 (1977), *aff'd*, 55 Ohio St.2d 201, 378 N.E.2d 738 (1978); *State v. Martin*, 64 Or.App. 469, 668 P.2d 479 (1983).

---

**2.** I agree with the result the majority reaches in *Staael. Staael v. State*, —— P.2d —— (Op. No. 3050, Alaska, May 2, 1986). Since Staael was not convicted at his first trial there is no possibility that the first jury was coerced into convicting him on the greater offense by the unanimous acquittal instruction. I agree with the majority's decision to dismiss Staael's petition for hearing as improvidently granted on the issue of whether double jeopardy bars reprosecution for a charged offense where the jury indicates it is unable to reach a verdict as to that offense and the court declares a mistrial over defense objection.