No. 86–5373. SPIERINGS *v.* ALASKA. Sup. Ct. Alaska. Certiorari denied.

JUSTICE WHITE, dissenting.

In this case, the Supreme Court of the State of Alaska affirmed the petitioner's conviction, rejecting his argument that the trial judge improperly instructed the jury on a lesser included offense. *Dresnek* v. *State*, 718 P. 2d 156 (1986). Over the petitioner's objection, the trial judge gave a "transition instruction"; the jurors were instructed that they could not render a verdict on a lesser included offense until they unanimously acquitted the petitioner on the greater offense. The Alaska Supreme Court held that the instruction was proper. This decision conflicts with the approach

followed in the Courts of Appeals for the Second and Ninth Circuits. In *United States* v. *Tsanas*, 572 F. 2d 340 (CA2), cert. denied, 435 U. S. 995 (1978), the court held that if a defendant seasonably objects to this type of instruction, the trial judge should instruct the jury with an alternative formulation: jurors may consider the lesser included offense if they cannot reach agreement on the greater offense. 572 F. 2d, at 346. The Court of Appeals for the Ninth Circuit, in *United States* v. *Jackson*, 726 F. 2d 1466 (1984), followed the *Tsanas* approach. There, the court reasoned that "although either formulation may be employed if the defendant expresses no choice, it is error to reject the form timely requested by defendant." 726 F. 2d, at 1469. I would grant the petition of certiorari to resolve this conflict.