[No. A033937. First Dist., Div. Three. May 20, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
DANIEL RAY ZWIERS, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Certified for publication except as to parts III, IV and V. (Cal. Rules of Court, rules 976(b) and 976.1.)

**COUNSEL**

Robert H. Flannery, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Martin S. Kaye and Robert R. Granucci, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BARRY-DEAL, J.**—We consider a constitutional challenge to California's lesser-included offense instruction, CALJIC No. 17.10 (1984 revision) (see 4th ed. 1987 pocket pt.),[1] commonly referred to as the "acquittal-first" instruction, which requires a jury unanimously to acquit a defendant of the greater charge before it can return a verdict on the uncharged lesser offense. The instruction provides, in pertinent part: "If the jury is not satisfied beyond a reasonable doubt that the defendant is guilty of the offense charged and it unanimously so finds, it may convict him [or her] of any lesser offense if the jury is convinced beyond a reasonable doubt that he [or she] is guilty of such lesser offense. . . ." Prior to the 1984 revision, CALJIC No. 17.10 (see 4th ed. 1979) only required a jury to disagree as to the charged offense before convicting a defendant on the lesser offense: "If you are not satisfied beyond a reasonable doubt that the defendant is guilty of the offense charged, he [or she] may, however, be found guilty of any lesser offense . . . ." This instruction is commonly referred to as the "disagreement" instruction.

Appellant Daniel Ray Zwiers was convicted by a jury of first degree

---

[1]The text of all CALJIC instructions referred to can be found in the 1987 pocket part to the fourth edition unless otherwise noted.

burglary (Pen. Code, § 459).[2] In a separate court trial, two enhancing allegations were found to be true. Appellant was sentenced to 10 years' imprisonment. He argues on appeal that (1) CALJIC No. 17.10 (1984 revision) deprives him of due process and that therefore reversal is required; (2) he was denied effective assistance of counsel; and (3) one of the enhancements was invalid. We agree with appellant's latter contention and modify the sentence. As modified, the judgment is affirmed.

## I.

### Facts

On October 24, 1984, Pam Thorp lived in a fourth floor apartment of a four-story apartment building on Taylor Street in San Francisco. The neighborhood consists of apartment buildings built next to each other and of about the same height. On that date, sometime after 8:30 p.m., Ms. Thorp was in her living room watching television when she heard a "thud noise" from her bedroom. She recognized the sound as a marble ball that had fallen from the bedroom window sill. Ms. Thorp assumed that one of her two cats had knocked the marble ball from the sill, but when she looked toward the bedroom, she saw them sitting by a radiator away from the window.

Ms. Thorp walked into the bedroom and observed the window shade shaking and the window itself being pushed up. She pushed the shade aside and pushed the window down on the toe of a black boot which was on the window sill. Although she was not wearing the glasses she uses for reading and watching television, Ms. Thorp had no trouble seeing the intruder through the window, because the light was on and the person was within "arm's reach" of her. She saw a White male with "curly blondish brown hair" who was wearing a dark top and fatigue trousers tucked into his boots. She paid particular attention to the boots, because she "hadn't seen high top shoes with laces that went all the way up in awhile [sic]."

Ms. Thorp was able to close the window when the intruder pulled his foot back. The man then jumped to the roof of the adjacent building, crouched, turned, and looked at her. Ms. Thorp was able to observe him for "[a] couple of seconds if that." She then went into her kitchen, where she had a view of the surrounding rooftops. She again saw the man on a neighboring rooftop and telephoned the police.

San Francisco Police Officers Laherty and Tobin responded to the call. They were a short distance from Ms. Thorp's building when they observed

---

[2]All further statutory references are to the Penal Code unless otherwise indicated.

a man who matched the description of the intruder that Ms. Thorp had provided to the police. Officer Laherty exited the marked police car and asked the suspect (appellant) if he could speak with him for a moment. Appellant told Officer Laherty that his name was Donald Zwiers. Appellant suddenly began running but was captured by Officer Laherty.

Ms. Thorp was brought to the scene about five minutes later. Although appellant was not wearing the dark top, she identified the boots and the trousers. Ms. Thorp mentioned to the officers that appellant was not wearing a dark top; Officer Laherty informed her that it was in the police car. She positively identified appellant at the scene and was "astounded by [her] recall." Appellant was arrested and pat-searched. A knife which could be lawfully possessed and carried was found on his person.

When appellant was arrested, he had white scuff marks on his boots and clothing. Ms. Thorp's building had not been painted in over 20 years, and therefore the exterior paint was chalky. Comparison tests were performed on the paint samples, and it was concluded that there was no significant difference between them.

Following a three-day trial, a jury found appellant guilty of first degree burglary. Appellant then waived his right to a jury trial with regard to certain enhancing allegations, and the court found the allegations to be true. He was sentenced to the midterm of four years in prison for the burglary plus five years for a prior robbery plus one year for a prior forgery, for a total of ten years' imprisonment. He received 197 days' credit for local custody and good behavior.

## II.

### CALJIC No. 17.10 (1984 Revision)

At trial, defense counsel focused upon whether the intruder's boot actually entered the apartment, because if the boot remained on the outer window sill, only an attempted burglary would have been committed. Defense counsel therefore requested that the court instruct the jury pursuant to CALJIC No. 17.10 (1982 revision) on the procedure for convicting a defendant of a lesser included offense. The jury was fully instructed on the elements of burglary and attempted burglary. On appeal, appellant's principal argument is that CALJIC No. 17.10 (1984 revision) deprives him of due process because it interferes with the jury's deliberation process and encourages a jury to convict on the greater charged offense.

The jury was instructed that "[i]f the jury is not satisfied beyond a reasonable doubt that the defendant is guilty of the offense charged and unani-

mously so finds, it may convict him of any lesser offense if the jury is convinced beyond a reasonable doubt that he's guilty of such lesser offense. The offense of attempted burglary is the lesser offense to the offense charged in count one of the information." Later, prior to its deliberation, the jury was told by the court: "Be very careful, ladies and gentlemen. Only if you have found the defendant not guilty do you turn to the second possible verdict . . . ."

The 1984 revision of CALJIC No. 17.10 added the requirement that the jury unanimously acquit the defendant before convicting him or her of any lesser offense. (See com. to CALJIC No. 17.12 (1984 revision) (4th ed. 1987 pocket pt.) pp. 80-81.) The revision was precipitated by the Supreme Court's decision in *Stone* v. *Superior Court* (1982) 31 Cal.3d 503 [183 Cal.Rptr. 647, 646 P.2d 809]. In *Stone,* a jury unanimously agreed that the defendant was not guilty of murder but deadlocked as to the uncharged lesser offenses of voluntary and involuntary manslaughter. (*Id.,* at p. 509.) The trial court declared a mistrial and denied the defendant's motion for dismissal of some of or all the charges. (*Ibid.*) The defendant argued that the jury had functionally acquitted him on the murder charge and that double jeopardy prevented his retrial on that charge. (*Ibid.*) The Supreme Court determined that the defendant had been acquitted and therefore could not be retried for murder. The court stated that "the trial court is constitutionally obligated to afford the jury an opportunity to render a partial verdict of acquittal on a greater offense when the jury is deadlocked only on an uncharged lesser included offense. Failure to do so will cause a subsequently declared mistrial to be without legal necessity." (*Id.,* at p. 519.)

The *Stone* court offered the following guidance to the lower courts: "When a trial judge has instructed a jury on a charged offense and on an uncharged lesser included offense, one appropriate course of action would be to provide the jury with forms for a verdict of guilty or not guilty as to each offense. *The jury must be cautioned, of course, that it should first decide whether the defendant is guilty of the greater offense before considering the lesser offense,* and that if it finds the defendant guilty of the greater offense, or if it is unable to agree on that offense, it should not return a verdict on the lesser offense. [¶] Alternatively, the court may decide to wait and see whether the jury is unable to reach a verdict; if it is, the court should then inquire whether the jury has been able to eliminate any offense. If the jury declares itself hopelessly deadlocked on the lesser offense yet unanimous for acquittal on the greater offense, and the court is satisfied that the jury is not merely expressing a tentative vote but has completed its deliberations, the court must formally accept a partial verdict on the greater offense. It is within the discretion of the court to order further deliberations if it perceives a reasonable probability that a verdict will be reached that will dispose of the entire proceeding." (*Id.,* at pp. 519-520, italics added.)

■ Appellant contends that the 1984 revised version of CALJIC No. 17.10 is unconstitutional because it violates his due process by effectively limiting a jury's ability to convict on a lesser offense. First, he argues, the unanimity requirement takes away from the jury its right to choose from the various degrees of culpability. Second, the instruction precludes the jury from exercising its sense of fairness in rendering a verdict. Third, a jury so instructed loses its ability to compromise. Finally, appellant maintains, the instruction coerces guilty verdicts on the greater charged offense.

The People argue that the acquittal-first instruction does not undermine the purpose of instructing the jury on lesser offenses because it does not preclude a jury from *considering* the lesser offenses while deliberating on the greater; it merely prohibits the jury from returning a verdict on the lesser before acquitting the defendant on the greater. Indeed, the comment to CALJIC No. 17.12, the partial verdict instruction, so suggests. (See com. to CALJIC No. 17.12 (1984 revision), *supra,* at p. 81.)

We conclude that the acquittal-first instruction embodied in CALJIC No. 17.10 (1984 revision) does not deprive appellant of due process. In dicta, the *Stone* court suggested that a jury must first acquit a defendant of the greater offense before *considering* any lesser offenses. (*Stone* v. *Superior Court, supra,* 31 Cal.3d at p. 519.) The import of *Stone,* however, is to require an acquittal of the greater offense before *returning* a verdict on any lesser offenses. The instructions proffered in *Stone* in no way purport to curtail the jury's deliberation process. CALJIC No. 17.10 (1984 revision) follows *Stone* and only prohibits a jury from returning a verdict on a lesser offense before acquitting a defendant of the greater offense.

Several federal and state courts have considered the viability of the acquittal-first instruction. Under the federal rule, a defendant may choose either an acquittal-first instruction or a disagreement instruction. In *United States* v. *Tsanas* (2d Cir. 1978) 572 F.2d 340, the court upheld an instruction which provided in pertinent part, " '. . . If the jury should unanimously find the accused not guilty of the crime charged in the indictment, then the jury must proceed to determine the guilt or innocence of the accused as to the lesser offense which is necessarily included in the crime charged.' " (*Id.,* at p. 344.) The *Tsanas* court explained, "The instruction given here has the merit, from the Government's standpoint, of tending to avoid the danger that the jury will not adequately discharge its duties with respect to the greater offense, and instead will move too quickly to the lesser one. From the defendant's standpoint, it may prevent any conviction at all; a jury unable either to convict or acquit on the greater charge will not be able to reach a lesser charge on which it might have been able to agree. But it entails disadvantages to both sides as well: By insisting on unanimity with respect to acquittal on the

greater charge before the jury can move to the lesser, it may prevent the Government from obtaining a conviction on the lesser charge that would otherwise have been forthcoming and thus require the expense of a retrial. It also presents dangers to the defendant. If the jury is heavily for conviction on the greater offense, dissenters favoring the lesser may throw in the sponge rather than cause a mistrial that would leave the defendant with no conviction at all, although the jury might have reached sincere and unanimous agreement with respect to the lesser charge." (*Id.,* at p. 346, fn. omitted; accord *United States* v. *Jackson* (9th Cir. 1984) 726 F.2d 1466, 1469.)

In *Dresnek* v. *State* (Alaska App. 1985) 697 P.2d 1059, the Court of Appeals of Alaska upheld an acquittal-first instruction. (*Id.,* at pp. 1063-1064.) The court, citing CALJIC No. 17.10 (1984 revision) with approval, emphasized that the jury is free to discuss the evidence and the law in any order it finds convenient. (*Ibid.*) A divided Supreme Court of Alaska affirmed the intermediate court. (*Dresnek* v. *State* (Alaska 1986) 718 P.2d 156, 157, cert. den. *sub nom. Spierings* v. *Alaska* (1986) 479 U.S. 1021 [93 L.Ed.2d 729, 107 S.Ct. 679].)

New York's highest court, expressly rejecting the disagreement instruction, has also approved an acquittal-first instruction requiring a jury unanimously to acquit the defendant of the greater charge before *considering* lesser offenses. (*People* v. *Boettcher* (1987) 69 N.Y.2d 174 [513 N.Y.S.2d 83, 505 N.E.2d 594].)

The Supreme Court of Arizona has approved the acquittal-first instruction. In *State* v. *Wussler* (1984) 139 Ariz. 428, 430 [679 P.2d 74, 76], the court stated that "the instruction which requires an acquittal of the offense charged before consideration of lesser-included offenses provides for a more logical and orderly process for the guidance of the jury in its deliberations [than does the disagreement instruction]."[3]

Supporters of the acquittal-first instruction maintain that requiring a unanimous decision on the charged offense before moving to the lesser

---

[3]The *Dresnek, Boettcher,* and *Wussler* courts approved instructions requiring the jury to acquit a defendant of the greater offense before considering lesser offenses. Because CALJIC No. 17.10 (1984 revision) does not preclude consideration of lesser offenses along with greater ones, we need not decide the validity of an instruction proscribing simultaneous consideration of greater and lesser offenses.

Other state courts which favor the acquittal-first instruction include *Lindsey* v. *State* (Ala.Crim.App. 1983) 456 So.2d 383, 388; *Middlebrooks* v. *State* (1980) 156 Ga.App. 319, 320 [274 S.E.2d 643, 644]; *Commonwealth* v. *Edgerly* (1982) 13 Mass.App. 562, 582-583 [435 N.E.2d 641, 652-653]; *State* v. *Wilkins* (1977) 34 N.C.App. 392, 399-400 [238 S.E.2d 659, 665]; *State* v. *McNeal* (1980) 95 Wis.2d 63, 68 [288 N.W.2d 874, 876]; and *Ballinger* v. *State* (Wyo. 1968) 437 P.2d 305, 309-311.

offense assures that the jury will fully deliberate on each offense, produces a conclusive decision on each offense, and promotes a verdict that is consistent with the evidence. Critics argue that the instruction coerces minority jurors to vote to convict on the greater offense. (Note, State v. Wussler: *An Unfortunate Change in Arizona's Lesser-Included Offense Jury Instruction* (1985) 27 Ariz.L.Rev. 515, 523.)

In *State* v. *Ogden* (1978) 35 Ore.App. 91 [580 P.2d 1049], a divided Court of Appeals of Oregon disapproved the acquittal-first instruction which had been the standard instruction given for over 75 years. (*Id.,* at p. 97 [580 P.2d at p. 1052]; *State* v. *Allen* (1986) 301 Ore. 35, 38, 40 [717 P.2d 1178, 1180, 1181].) The court stated: "The doctrine of lesser included offenses allows the jury some latitude in considering the offenses about which they have been instructed. The [acquittal-first] instruction given by the court invaded this province of the jury and was error. It effectively inhibited the right of the jury to consider the lesser offense . . . ." (*State* v. *Ogden, supra,* 35 Ore.App. at p. 97 [580 P.2d at p. 1052].) The Supreme Court of Oregon approved the *Ogden* rationale in *State* v. *Allen, supra,* 301 Ore. at page 41 [717 P.2d at p. 1181].

Similarly, the Supreme Court of Michigan disapproved the acquittal-first instruction in *People* v. *Mays* (1980) 407 Mich. 619, 622-623 [288 N.W.2d 207, 208]. The court declared that such an instruction impeded the jury's proper consideration of lesser offenses. (*Ibid.*)[4]

In *People* v. *Reeves* (1981) 123 Cal.App.3d 65 [176 Cal.Rptr. 182], a case predating *Stone* v. *Superior Court, supra,* 31 Cal.3d 503, the jury was given the disagreement instruction (former CALJIC No. 17.10 [see 4th ed. 1979]). The trial court added, however, " 'And I've instructed you if you have a reasonable doubt whether the defendant is guilty or not guilty of burglary, then of course it would be your duty to find him not guilty of burglary. You may then consider the second verdict form and decide whether or not he is proved guilty beyond a reasonable doubt of that crime as I have instructed you. If you find that the evidence is insufficient there, mark that one not guilty and bring them both back with you. Obviously, if you find the defendant guilty of burglary, do not even consider the lesser offense . . . .' " (*Id.,* at pp. 69, 70.) This court concluded that the jury should have been instructed to consider the charged offense and any lesser offense together, and, if a reasonable doubt arose as to which offense was committed, should have convicted the defendant of the lesser offense only. (*Id.,* at p. 70.)

---

[4]See also *State* v. *Korbel* (1982) 231 Kan. 657, 661 [647 P.2d 1301, 1305], and *State* v. *Muscatello* (1977) 57 Ohio App.2d 231, 251 [387 N.E.2d 627, 641], which disapprove the acquittal-first instruction.

Based on *Stone* v. *Superior Court, supra,* 31 Cal.3d 503, and the authorities above cited, we conclude that the acquittal-first instruction embodied in CALJIC No. 17.10 (1984 revision) is constitutional. The instruction does not compel the jury to adopt an all-or-nothing approach to the issue of guilt, as appellant suggests; the jury knows that it may convict a defendant of a lesser offense if it acquits him or her of the greater offense. Minority jurors who are convinced of a defendant's innocence will cause a jury to hang, which is a "safeguard to liberty" and "the sole means by which one or a few may stand out against an overwhelming contemporary public sentiment." (*Huffman* v. *United States* (5th Cir. 1962) 297 F.2d 754, 759 (conc. and dis. opn. of Brown, J.); see also Note, State v. Wussler: *An Unfortunate Change in Arizona's Lesser-Included Offense Jury Instruction, supra,* 27 Ariz.L.Rev. at p. 526.) The fact that jurors in the minority may vote to convict on the greater offense rather than cause a hung jury does not compel us to invalidate the instruction; the instruction guards against unwarranted verdicts.

III.-V.*

. . . . . . . . . . . . . . . . . .

## VI. *Conclusion*

The sentence is modified by setting aside the one-year enhancement for the Louisiana forgery conviction. The judgment as modified is affirmed.

White, P. J., and Merrill, J., concurred.

A petition for a rehearing was denied June 16, 1987, and appellant's petition for review by the Supreme Court was denied August 20, 1987.

*Parts III-V of this opinion are not certified for publication. (See fn., *ante,* at p. 1498.)