In the
United States Court of Appeals
For the Seventh Circuit

No. 00-3708

RICHARD REEVES,

Petitioner-Appellant,

v.

JOHN C. BATTLES,

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 99 C 1613--Robert W. Gettleman, Judge.

Argued September 28, 2001--Decided November 26, 2001

Before Flaum, Chief Judge, Bauer and
Evans, Circuit Judges.

Bauer, Circuit Judge. Petitioner-
Appellant was indicted for murder in the
first degree in the Circuit Court of Cook
County, Illinois. Prior to deliberations,
the trial judge denied the appellant's
request to provide the jury with an
instruction on the lesser included
offense of involuntary manslaughter.
Following a guilty verdict and denial of
a new trial, the appellant sought
reversal of his conviction and sentence
by way of direct appeal. After exhausting
his state appellate remedies, the
appellant sought habeas relief in federal
court. The district court denied habeas
relief, finding that the trial court's
failure to include an involuntary
manslaughter instruction did not result
in a fundamental miscarriage of justice.
For the following reasons, we AFFIRM the
decision of the district court.

I. Background

On November 13, 1988, the body of Mario
Fierro was found dead outside of the
Fickle Finger Tavern in Chicago Heights,
Illinois. Fierro was earlier escorted out
of the tavern by the appellant because he
had been overserved. Though an off-duty
tavern manager took a beer can away from
Fierro and told the bartender not to

serve Fierro any more drinks, he was not causing any disturbance. No one asked the appellant, who was not employed by or otherwise affiliated with the tavern, to remove Fierro from the premises. In fact, the off-duty tavern manager told the appellant that she could handle the situation.

After escorting Fierro outside the tavern, the appellant was seen kicking Fierro in and/or around the head approxi mately three times. The appellant stopped beating Fierro when a patron from the tavern grabbed him and told him that Fierro had had enough. When that same patron left the tavern about twenty minutes later, he found Fierro lying face down on the sidewalk in front of his car. The patron then checked to see if Fierro had a pulse, but found none.

Fierro's autopsy revealed numerous abrasions on his face and wrists, an injury suggesting blunt trauma to the right side of his head, several hemorrhages inside of his head, and a fracture of thyroid cartilage indicative of manual strangulation. The medical examiner concluded that Fierro's death was caused by blunt trauma to the head in association with manual strangulation, which could result from being kicked in the head, put into a choke-hold, or being knocked down.

The appellant was convicted of murder in the first degree. After an unsuccessful direct appeal and post-conviction petition, the appellant petitioned the district court for a writ of habeas corpus pursuant to 28 U.S.C. sec. 2254. Among other things, the appellant argued that the trial judge erred in refusing to charge the jury with an instruction defining the offense of involuntary manslaughter when the evidence supported such a claim and a request for such instruction was made. The district court rejected this argument and denied the petition, concluding that the trial court's failure to include the lesser offense instructions did not result in a fundamental miscarriage of justice.

II. Discussion

We review the district court's findings of fact for clear error and its rulings on issues of law de novo. Whitehead v.

Cowan, 263 F.3d 708, 717 (7th Cir. 2001).

   In general, the failure of a state trial court to instruct the jury on a lesser offense does not implicate a federal constitutional question and will not be considered in a federal habeas corpus proceeding. United States ex rel. Peery v. Sielaff, 615 F.2d 402, 404 (7th Cir. 1979) (citations omitted); see also United States ex rel. Waters v. Bensinger, 507 F.2d 103, 105 (7th Cir. 1974) ("[I]nstructions to the jury in state trials are matters of state law and procedure not involving federal constitutional issues."). However, the omission of an instruction regarding a particular offense may effectively result in a directed verdict, thereby implicating Sixth and Fourteenth Amendment rights. See Peery, 615 F.2d at 404 (citations omitted). In a habeas action, the question is not whether the failure to instruct on a lesser included offense was correct or incorrect under state law, but rather whether failure to do so constituted a defect so fundamental that it results in a complete miscarriage of justice or omission inconsistent with the standards of fair procedure. Id.; Nichols v. Gagnon, 710 F.2d 1267, 1269 (7th Cir. 1983). The specific inquiry here is whether the failure to provide an involuntary manslaughter instruction so infected the entire trial that the resulting conviction violated the appellant's right to due process. See Peery, 615 F.2d at 404 (citing Cupp v. Naughten, 414 U.S. 141, 147 (1973)). Because it is the omission of an instruction that is at issue in this case, the appellant's burden is "especially heavy" because "[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." Henderson v. Kibbe, 431 U.S. 145, 155 (1977). We agree with the respondent that the overwhelming evidence establishing that the appellant acted intentionally when he beat Fierro to death precludes his satisfaction of this heavy burden.

   We are persuaded that the denial of the appellant's request for an instruction on involuntary manslaughter did not result in a wrongful conviction violative of the appellant's right to due process. A trial court does not err in refusing to tender an instruction unsupported by sufficient

evidence. Davis v. Greer, 675 F.2d 141, 145 (7th Cir. 1982). The instruction requested by the appellant provided: "A person who unintentionally kills an individual without lawful justification commits involuntary manslaughter if his acts whether lawful, or unlawful which cause the death are such that are likely to cause death or great bodily harm to some individual and he performs them recklessly . . . ." Here, the appellant repeatedly kicked Fierro in the head. Indeed, the appellant did not stop kicking Fierro until another tavern patron pulled him away and told him that the victim had had enough. The evidence showed that the beating Fierro suffered at the hands of the appellant was so severe that it caused several hemorrhages inside of Fierro's head and fractured his thyroid cartilage, which indicated manual strangulation. Given such substantial evidence of intentional misconduct, the trial court's failure to instruct on unintentional conduct simply does not amount to a "fundamental miscarriage of justice." See Nichols, 710 F.2d at 1269; Davis, 675 F.2d at 144-45; Peery, 615 F.2d at 404. The appellant's constitutional rights were not violated and his conviction should stand.

III.  Conclusion

Accordingly, we AFFIRM the district court's decision denying the petitioner-appellant habeas relief.